## Northern Pac. R. Co. *v.* Glaspell.

*(Circuit Court of Appeals, Eighth Circuit. February 8, 1892.)*

Appeal to Court of Appeals—Appeal to Supreme Court Pending.

Act Cong. March 3, 1891, while it does not confer upon one party the right to carry a cause before two appellate courts at the same time, does not confer upon him the power to defeat the right of appeal by the other party to the circuit court of appeals upon the merits, by taking an appeal or writ of error to the supreme court upon the question of the jurisdiction of the trial court; and, in case of such separate appeals, the cause will be continued in the circuit court of appeals, to await the decision of the supreme court upon the question of jurisdiction.

Error to the Circuit Court of the United States for the District of North Dakota.

Motion to dismiss writ of error for want of jurisdiction. Overruled. For former report, see 43 Fed. Rep. 900.

*Edgar W. Camp* and *Samuel L. Glaspell*, for the motion.

*John C. Bullitt, Jr.*, *W. F. Ball*, and *John S. Watson*, opposed.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

SHIRAS, District Judge. In February, 1885, Albert H. Glaspell brought an action in the district court of Stutsman county, in the then territory of Dakota, against the Northern Pacific Railroad Company, to recover the sum of $14,000 as damages alleged to have been caused by misrepresentations in regard to the quality of certain lands sold to him by the company. Upon the admission of North Dakota as a state into the Union, the cause was transferred, at the request of the railway company, over the objection of the plaintiff, into the United States circuit court for the district of North Dakota, and, upon a trial had before the court and jury, a verdict was rendered in favor of the plaintiff for the sum of $1,120, and on June 1, 1891, a judgment was entered upon the verdict. On June 16, 1891, the plaintiff, Glaspell, sued out a writ of error to the supreme court of the United States for the purpose of presenting the question of jurisdiction, his contention being that the transferal of the cause from the state to the federal court was without warrant of law. The record was duly certified and filed in that court. On the 30th day of July, 1891, the defendant company, alleging errors occurring on the trial of the case upon the merits, sued out a writ of error to this court, and in due time the record was filed with the clerk. On the 28th of January, 1892, the plaintiff, Glaspell, filed in this court a motion to dismiss the writ of error, on the ground that this court is without jurisdiction, for the reason that the action is pending before the supreme court upon the writ of error taken upon the question of jurisdiction, which was duly issued and served before the writ to this court was allowed. In support of the motion, counsel cite the case of *McLish* v. *Roff*, 141 U. S. 661, 12 Sup. Ct. Rep. 118, in which it is held that under the provisions of the act of congress of March 3, 1891, an appeal or writ of error upon the question of jurisdiction cannot be taken to the supreme court until after final decree or judgment in the trial court; that, when such final determination is had, then the defeated party must elect whether he will rely alone upon the question of jurisdiction, and take his appeal or writ of error to the supreme court, or carry the whole case to the court of appeals. It is clear that the supreme court had in mind, in this construction of the statute, only the question whether one party could carry a case into two appellate courts at the same time, and was not giving the rule that is to obtain when, as in the case before the court, the one party seeks an adjudication on the question of jurisdiction, and the other upon questions affecting the merits of the controversy. If it should be held that the suing out a writ of error to the supreme court upon the question of jurisdiction by the one party bars the right of the other to bring the case to this court upon the other questions involved, then it is possible to defeat in every case an appeal to this court. All that is needed is to raise, by proper plea, a question of jurisdiction, and then the party who is successful in the trial on the merits can at

once assign error on the point of jurisdiction, and thus carry the cause to the supreme court, and retain it there until the time for appeal to this court has expired, and so defeat the main purpose for which the act of March 3, 1891, was enacted. In our judgment, each party may exercise the right of appeal created by the statute.

Before the enactment of the act of March 3, 1891, in all cases coming within the jurisdiction of the supreme court, double appeals could be taken; that is to say, each party could prosecute an independent appeal or writ of error in the same cause, and the one did not defeat the other. True, the cause upon both appeals or writs would be before the same appellate court; but the fact that the case may, upon different issues, be pending before two courts at the same time, is not an insuperable objection to taking jurisdiction. Under the provisions of section 7, Act March 3, 1891, an appeal may be taken to this court from an order granting or continuing a preliminary writ of injunction, and the proceeding in other respects remains in the circuit court, which has the right to stay the cause or not, as it may deem best. In such cases the cause is pending in two courts at one and the same time, not, however, upon the same question or issue; and the taking jurisdiction by the one court of a question properly determinable by it does not necessarily bar or defeat the jurisdiction of the other court.

If the contention of the counsel for Glaspell is correct, then it would follow that, if the railway company had sued out its writ of error to this court before he had taken the case to the supreme court, his right to present the question of jurisdiction would have been lost, because the railway company does not bring up that question, and Glaspell could not have based a writ of error to this court upon that point. The act of March 3, 1891, is to be construed reasonably, and in such a manner as to secure to litigants the rights of appeal which it was clearly the purpose of the statute to confer upon them. Is it not clear if one party should bring a case into this court upon errors affecting the merits of the controversy, and, after the jurisdiction of this court had attached, the other party should sue out a writ of error to the supreme court upon the question of the jurisdiction of the trial court, that the later proceeding would not defeat the right of this court to hear, at the proper time, the errors assigned touching the merits; and, on the other hand, ought the fact that the one party had rightfully brought the case to this court on errors assigned touching the merits be allowed to defeat the right of the other party to present the question of jurisdiction to the tribunal which the statute makes the final arbiter of such questions? The act of March 3, 1891, as is expressly ruled in McLish v. Roff, does not confer upon one party the right to carry a cause before two appellate courts at one and the same time; neither, in our judgment, does it confer upon one party the power to defeat the right of appeal upon the merits secured by the statute, by taking an appeal or writ of error upon the point of the jurisdiction of the trial court. All practical difficulties can be avoided by giving to each party the right to appeal to the court having the jurisdiction of the question or questions he desires to have reviewed; but·

when the appeals have each been perfected, and the rights of each litigant have in this respect been secured, then it will be for this court to determine whether it will allow a hearing before it until the question of jurisdiction has been adjudicated by the supreme court.

Entertaining these views, we hold that this court is not without jurisdiction in the case, and the motion to dismiss is therefore overruled, at cost of the defendant in error, and the cause will be continued awaiting the decision of the supreme court upon the question of jurisdiction.