CALEB PARIS *v.* SAVID BARTLETT AND ABNER BARTLETT.

In an action of ejectment against a tenant in possession of land, the writ will not abate, if the landlord is not joined as a defendant, in a case in which the tenancy is by parol and is unknown to the plaintiff.

In this case, which was an action of ejectment, commenced in 1844, the defendants pleaded in abatement, that one M. was owner and landlord of the premises, and that the defendants were his tenants; and issue was joined thereon;—

and it was held, that evidence, that M. recovered judgment in an action of ejectment for the same premises, in 1826, against one of the defendants, and that the defendants occupied the premises from that time until 1840, as tenants of M., but not under a written lease, and that the other defendant and a third person executed a mortgage of the premises to M. upon a contract for the purchase of the premises, and that in 1842 M. recovered a judgment against the mortgagors in an action of ejectment founded upon the mortgage, and that from that time until the commencement of this suit the premises had been occupied by the defendants with the consent of M., but without a written lease, and that they had paid rent to him therefor,—it not appearing that the plaintiff knew of such payment of rent, or knew that M. was landlord,—had no tendency to sustain the issue, on the part of the defendants, upon the plea in abatement.

EJECTMENT for land in Danby. The defendants pleaded in abatement, that one James McDaniels, of Rutland, was the owner and landlord of the demanded premises, and that the defendants were his tenants, and that so McDaniels ought to have been joined as defendant in the suit;—and upon this plea issue was joined. Trial by jury, September Term, 1845,—WILLIAMS, Ch. J., presiding.

On trial the defendants gave in evidence the record of a judgment in favor of McDaniels against the defendant Savid Bartlett, in an action of ejectment for the same premises described in the declaration in this suit, rendered at the April Term, 1826, of Rutland county court;— also evidence tending to prove, that the defendants occupied the premises, as tenants of McDaniels, from that time until February 11, 1840, and paid rent to him, but not under a written lease;—also a mortgage deed of the same premises, executed by the defendant Abner Bartlett and one Marcus Bartlett to McDaniels, to secure the amount agreed to be paid by them upon a contract for the purchase of the premises;—also the record of a judgment in favor of McDaniels against Abner Bartlett and Marcus Bartlett, in an action of ejectment founded upon the mortgage, rendered at the April Term, 1842, of Rutland county court;—also evidence tending to prove, that since that time the defendants had occupied the premises by the express consent of McDaniels, and had paid rent to him therefor, although there was no written lease of the premises given by McDaniels to them;—but there was no evidence tending to prove, that the plaintiff knew of the payment of such rent, or knew that McDaniels was in any way landlord.

The court instructed the jury, that this evidence did not tend to sustain the issue on the part of the defendants; and a verdict was returned in favor of the plaintiff. Exceptions by defendants.

*Thrall & Pond* for defendants.

The statute,—Rev. St. c. 35, § 1,—enacts, that the action of ejectment "shall, in all cases, be brought as well against the landlord, if any there be, as against the tenant in possession of the premises, and, if otherwise brought, the same shall, on motion, be abated." The tenancy contemplated by this statute need not be a tenancy created by deed, and when this relation appears from such deed upon the record; but it is "in all cases," where a tenancy exists, that the landlord must be joined. *Wallace* v. *Farnsworth,* 2 Tyl. 294. *Warner* v. *Pate et al.,* 5 Vt. 166. If a debtor remains in possession of land, after six months subsequent to the levy of an execution upon the land, he is, by operation of law, made the tenant of the creditor; so a mortgagor, after condition broken, is tenant of the mortgagee, or after decree of foreclosure and the expiration of the time for redemption. *Aldis, Ex'r,* v. *Burdick,* 8 Vt. 21. *Hathaway* v. *Phelps,* 2 Aik. 84. *Ex'r of Tucker* v. *Keeler et al.,* 4 Vt. 161. *Wilson* v. *Hooper,* 13 Vt. 653. The court below assumed, that express notice to the plaintiff of this tenancy must be shown, before he is required to join the landlord in the action. We contend, that the records introduced furnished sufficient evidence of notice. *Warner* v. *Pate et al.,* 5 Vt. 166. *Hodges et al.* v. *Gates,* 9 Vt. 178. *May* v. *Albee,* Circ. Ct., 1830, cited in Washburn's Dig. 324, sec. 77. It was unnecessary for the plaintiff to know any thing in relation to the terms of the tenancy. *Hurd* v. *Tuttle et al.,* 2 D. Ch. 43.

*G. W. Harmon,* for plaintiff, relied upon *Wallace* v. *Farnsworth,* 2 Tyl. 294, and *Brush* v. *Cook,* Brayt. 89, as decisive of this case.

The opinion of the court was delivered by

BENNETT, J. The plea in abatement alleges, that James McDaniels was the owner and landlord of the premises in question, and that the defendants were his tenants, and that he (McDaniels) was not joined in the suit. The replication traverses the allegation, that

81

the defendants were the tenants of McDaniels. The county court, after the evidence was put in, held that the defendants had failed to sustain their plea in abatement, and so instructed the jury. We are now called upon to revise this ruling of the county court.

In order to ascertain in regard to the correctness of the ruling of the court below, it is necessary to examine carefully, to see what the testimony was,—which seems to have been put in without objection. It is difficult to see how the recovery of the premises in the action of ejectment by McDaniels against Savid Bartlett, (one of these defendants,) in 1826, can in any way tend to establish a tenancy in these defendants, of which the plaintiff was bound, at his peril, to take notice. Under our statute, it is true, the recovery is *conclusive*, as to the title, against Savid Bartlett; but it has no tendency to prove a *tenancy*,—at least such a one, as our statute contemplates, when it enacts, "that all actions of ejectment shall be brought, as well against the landlord, *if any there be*, as against the tenant in possession."

The statute of 1797 was the same with our present statute. At an early day that statute received a construction, which has ever since been followed. In *Wallace* v. *Farnsworth*, 2 Tyl. 295, it was held, that the plaintiff was not obliged to join a landlord with the tenant in possession, who held by a *parol* lease, or by a written unrecorded lease, unless it was shown, that the plaintiff had, at the time of the commencement of the suit, notice of such written lease. In *Brush* v. *Cook*, Brayt. 89, (1819,) it was held, that a landlord is not concluded by a judgment in ejectment against his tenant by a parol lease, the landlord not being joined in the suit. In that case it was said, that the plaintiff's writ will not abate, if the landlord is not joined in the suit, in a case in which the tenancy is by *parol*, and unknown to the plaintiff. This, we think, has been the uniform construction of the statute, and is the only reasonable one. No doubt, a parol tenancy is sufficient to render the landlord liable to be joined in the suit against the tenant; and in the circuit court of the United States it has been held, that proof of an outstanding mortgage from the tenant in possession to his co-defendant was sufficient to render the latter liable to be sued as landlord. See *May* v. *Albee et al.*, cited in Washburn's Dig. 324, sec. 77. I understand the same question has been decided in the same way in the

circuit court, within some two years. I am not aware, that this question has been before the state courts.

Though the circuit court have decided, that the *mortgagee* may be joined with the *mortgagor* in possession, yet it by no means follows, that the same court would hold, that he *must be* joined, to save an abatement. The mortgage, before entry and foreclosure, is deemed but a pledge, a charge, or *lien* upon the estate, subject to which the legal rights and remedies of others may be sought, asserted and enforced in the same manner, as if no such mortgage existed. It is true, that the mortgagee is taken as the owner of the land in fee, as against the mortgagor and all persons claiming under him; yet the mortgagor, as to all persons except the mortgagee and those claiming under him, is to be considered, so long as he remains in possession, as the owner.

It is quite apparent, we think, that the mortgage deed, which is made a part of the case, from Abner Bartlett (one of the defendants) and Marcus Bartlett to McDaniels cannot, of itself, create such a tenancy in these defendants, as to render it necessary to join McDaniels in the suit. Savid Bartlett, the other defendant, is in no way connected with the mortgage; and the plaintiff, who stands as a stranger to it, may enforce any rights, which he has against the mortgagors, in the same manner, as if no mortgage existed, subject to the mortgagee's rights, if paramount to those of the plaintiff.

So the bare recovery by McDaniels, in the action of ejectment against Marcus Bartlett and Abner Bartlett, in 1842, can have no effect to create a tenancy in the defendants under McDaniels, which the plaintiff was bound to notice. The evidence, which went to show that the premises, since that time, had been occupied by the defendants with the express consent of McDaniels, and that they had paid him rent, was but evidence of a *parol tenancy.* Besides, the case expressly finds, that there was no written lease from McDaniels to the defendants, and no evidence tending to show that the plaintiff knew of the payment of the rent to McDaniels, or knew that he was in any way landlord.

The evidence, which seems to have been put into the case to show that the defendants occupied under McDaniels from 1826 to February 11, 1840, is entirely out of the case. This suit was not

commenced, until long after such tenancy was ended. Besides, while it existed, it was but a parol tenancy.

On the whole, then, we think the county court were right, in holding that the testimony did not show such a tenancy, as to render it incumbent upon the plaintiff to have joined McDaniels in the suit,—or, in other words, that it did not maintain the issue on the part of the defendants.

The judgment of the county court is affirmed.