[No. 902.　October 1, 1901.]

# GEORGE K. NEHER, Appellant, v. AMBROSIO ARMIJO and ANITA ARMIJO, Appellees.

### SYLLABUS.

1. A judgment of recovery in ejectment for possession and rents and profits during the pendency of the ejectment action, is not a bar to a further suit for rents and profits covering a period anterior to that covered by the former recovery.

2. Errors complained of in a referee's report must be called to the attention of the trial court by exception, or they will be deemed to be waived.

3. A tenant in common will not be allowed to recover against his co-tenant for improvements erected upon the common property by his predecessor in title, without accounting to his co-tenant for the rents and profits received by such predecessor in title.

4. An appellee must present errors committed against him by appeal or cross-appeal, and by assignment of errors, or they will be disregarded. Sec. 897, Comp. Laws, 1897, interpreted.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, A. J.

### STATEMENT OF THE CASE.

This is a suit for partition commenced by appellant against appellees in the district court of the Second Judicial district to procure the sale of a lot and building thereon in the city of Albuquerque. Appellant alleged that he and his grantors had made valuable improvements on the premises, and prayed for an accounting as to the value of such improvements and for a sale and division of the proceeds, after allowing for such improvements. Appellees filed a cross-complaint, alleging that appellant between December 6, 1890, the date of his purchase and taking possession, and August 28, 1896, had received large sums of money as the proceeds of the rents and profits of the property, and asked an accounting as

to those rents and profits.   There had previously been
an action of ejectment by appellees against appellant, in
which they recovered a two-tenths interest in the prop-
erty and damages from the 28th of August, 1896, when
the action was commenced, to the date of judgment.   On
the trial of the ejectment suit, appellees attempted to
prove the value of the rents and profits accruing from
the estate prior to the commencement of that suit, but
the court excluded the evidence upon the objection of
appellant.

W. B. CHILDERS for appellant.

The defendants are concluded by the record in case
No. 4623, the ejectment suit, and can not now recover
any rents and profits for the time anterior to the recov-
ery in that case.

The ejectment suit in No. 4623 was begun and
prosecuted, as provided by statute, the material provis-
ions of which are sections 3164 and 3170 of the Com-
piled Laws of New Mexico, 1897.

The rents and profits can be recovered in no other
action than that of ejectment.   The Supreme Court of
Vermont has so held under a similar statute.   The Ver-
mont statute reads:   "In every action of ejectment if
judgment be rendered for the plaintiff, he shall recover
as well his damages, as the seizin and possession of the
premises."

"Under this statute the Supreme Court of Vermont
has held that a judgment in an action of ejectment is a
bar to any subsequent suit for rents and profits.

Strong v. Garfield, 10 Vt. 502.
Walker v. Hitchcock, 10 Vt. 634.
Lippett v. Kelly, 46 Vt. 516.

Under the modern law of ejectment where the
action must be prosecuted in the names of the real par-
ties, as in this Territory, the judgment is a final adjudi-
cation and can not be collaterally attacked.

Sturdy v. Jackaway, 4 Wall. 174.

Such statutes are to be liberally construed so as to suppress the mischief, and advance the remedy.

Sutherland on Statutory Construction, secs. 347, 409 and 437.

The policy of our law is shown by section 3175, Compiled Laws 1897, allowing the defendant to set up a claim for improvements in the action of ejectment.

Appellees can not pursue both the common law, and the statutory remedy to judgment.

Strong v. Garfield, 10 Vt. 502.

Van Fleet on Former Adjudications, sec. 436, et seq.

And an entire cause of action can not be split up so as to enable a party to maintain more than one action upon it.

Van Fleet on Former Adjudication, sec. 59 et seq.

Black on Judgment, secs. 734 and 738 ca. el.

Roby v. Eggers, 130 Ind. 415-442, 29 N. E. 365-367.

Pierro v. Railway, 39 Minn. 451, 40 N. W. 520.

Cunningham v. Morris, 19 Ga. 583.

Stewart v. Dent, 24 Mo. 111.

Brannenberg v. Railway, 13 Ind. 103.

Board, etc., v. Applewhite, 62 Ind. 464.

Lee v. Bowman, 55 Mo. 404.

A former judgment between the same parties, in which the plaintiff's claim was decided, or was properly involved and might have been decided, is a bar to another action for the same cause.

Stockton v. Ford, 18 How. 418.

Gillum v. Case, 16 So. 236.

Garth v. Everett, 16 Mo. 492.

Aurora v. West, 7 Wall. 82.

Washington A. & G. Steam Packet Co. v. Sickles, 24 How. 333.

Whiteside v. Haselton, 110 U. S. 296.

Cromwell v. County of Sac., 94 U. S. 352-358.

Under the rule laid down by this court, the determination of the right to recover rents and profits, and the enunciation of the legal principle involved, becomes the irrevocable law of this case, whether right or wrong.

Crary v. Field, 61 Pac. 119.

County of Valencia v. Railway, decided at last term of this court.

A cotenant can not recover for rents and profits, except after a period subsequent to the commencement of suit, or other demand made.

Freeman on Cotenancy and Partition, sec. 270.

Bumum v. Laudum, 25 Conn. 150.

Johnson v. Pelot, 24 S. C. 255, 58 Am. 253.

Scaife v. Thompson, 15 S. C. 368.

Woodward v. Clark, 4 Strobh. Eq. 170.

Riddelhoover v. Kinnard, 1 Hill, Eq. 381.

Leake v. Hayes, 43 Pac. (Wash.) 48.

Sections 3170 and 3175, Compiled Laws 1897, having limited the recovery of rents and profits in an action of ejectment to a period subsequent to commencement of suit, or knowledge by defendant of plaintiff's title, even were defendants not barred by the judgment in the ejectment suit, No. 4653 and No. 750 in this court, yet this limitation must prevail. The court cannot presume that the legislature intended the limitation to depend upon the form of action.

Pugh v. Bell, 15 Am. Dec. 148.

If the provisions of sections 3170 and 3175 of the Compiled Laws did not apply, the defendants would be limited in their recovery to four years prior to the filing of the cross complaint.

Compiled Laws 1897, sec. 2916.

Hill v. Meyers, 46 Penn. 15.

Mitchell v. Mitchell, 10 Md. 234.

Cunningham v. Bradley, 26 Ga. 553.

Jackson v. Wood, 24 Wend. 443.

The plaintiff should have been allowed for perma-

Neher v. Armijo.

nent improvements placed upon the property by himself and his grantor, as against the rents and profits.

> Gill v. Patten, 1 Cranch 465, 10 Fed. Cases, No. 5428.
>
> Wells v. Riley, 29 Fed. Cases, No. 17404, 2 Dillon 566.
>
> Semple v. Bank of British Columbia, 21 Fed. Cases, No. 12660, 5 Sawyer, No. 394.

In trespass for mesne profits, defendant may be allowed for the value of permanent improvements erected, not by himself only, but by one whose title he has purchased.

> Morrison v. Robinson, 31 Pa. State 456.
>
> Craton v. Wright, 16 Iowa 133.
>
> Parsons v. Moses, 16 Iowa 440.
>
> Wright v. Stevens, 3 Greene (Iowa) 63.
>
> See also Neal v. Hagthrop, 3 Bland (Md.) 551.
>
> Beverly v. Burke, 9 Ga. 440.
>
> 54 American Dec. 351.
>
> Jenkins v. Means, 59 Ga. 55.
>
> Averett v. Brady, 20 Ga. 523.
>
> Bright v. Boyd, 4 Fed. Cases, No. 1875-1876.
>
> 1 Story 478, and 2 Story 605.
>
> See also Pugh v. Bell, 15 Am. Dec. 142.
>
> Boatner v. Ventress, 20 Am. Dec. 266.
>
> Jones v. Perry, 10 Yerger 59, 30 Am. Dec. 430.
>
> Byers v. Fowler, 12 Ark. 218, 54 Am. Dec. 271.
>
> Jackson v. Loomis, 4 Cow. 168.
>
> Murray v. Gouverneur, 2 Johns. 441, by Chancellor Kent.

Plaintiff should not have been charged with the full rental value of the property, as increased by the improvements placed thereon.

> Wisdom v. Reeves, 13 So. 13.
>
> Worthington v. Hiss, 70 Md. 172.
>
> Averett v. Brady.
>
> 10 Ency. of Law (2 Ed.) 546.

The measure of damages should be such a sum as

would place the plaintiff in as good position as he would have been if the defendant had not dispossessed him. .

Hodgkins v. Price, 141 Mass. 162.

See also Adkins v. Hudson, 19 Ind. 392.

Haskins v. Spiller, 33 Ky. 573.

Neale v. Hagthrop, 3 Bland 551.

The order of sale should have directed the officer making the sale, to return the proceeds into court for distribution in accordance with the rights of the respective parties.

There is no lien in favor of a joint tenant against his cotenants for rents collected by the latter before a partition of the land.

Burch v. Burch, 82 Ky. 622.

The pendency of a suit is a good defense to a second action between the same parties, for the same cause.

Memphis City v. Dean, 8 Wallace 64.

Beach v. Norton, 8 Com. 71.

Peck v. Krits, 15 N. Y. St. 598.

Harris v. Johnson, 65 N. C. 478, affirmed 13 N. C. 669.

Woody v. Jourdan, 69 N. C. 189.

See especially—

Fleitas v. Cockren, 101 U. S. 301.

Radford v. Folsom, 14 Fed. 97.

Where there is another suit pending between the same parties, for the same cause, in the same jurisdiction, the suit last commenced will be dismissed without prejudice, so that if the former action be discontinued, complaint may file a supplementary bill showing that fact, and will then be permitted to proceed with his second suit.

Moore v. Holt, 3 Tenn. Ch. 141.

Drea v. Cariveay, 28 Minn. 289, 9 N. W. 802.

Alexander v. Norwood, 118 N. C. 381, 24 S. E. 119.

This plea is good in equity as well as law cases.

Moore v. Holt, supra.

Kurd v. Lewis, 31 Ky. 351.
Cranne v. Oregon, 15 Oregon 354.
Way v. Brajaw, 16 N. J. Eq., 84 Am. Dec. 147.
Rowley v. Williams, 5 Wis. 151.

NEILL B. FIELD for appellees.

It is not always what the court had a right to decide in a case, but what was determined and adjudicated that creates the bar.

Wash., etc., Co. v. Sickles, 18 U. S. 533.
Johnson Co. v. Wharton, 152 U. S. 261.

Except in special cases, the plea of *res judicata* applies not only to the points upon which the court was actually required to form an opinion and to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence, might have brought forward at the time.

2 Taylor, Ev., sec. 1513.
Henderson v. Henderson, 3 Hare. 113.
Outram v. Morewood, 3 East 346.
City of Aurora v. West, 7 Wall. 102.
Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 687.

Supporting this principle, the Supreme Court of the United States in the case last cited, cites the following:

Hopkins v. Lee, 6 Wheat. 109.
Smith v. Hernochen, 7 How. 198.
Pennington v. Gibson, 15 How. 65.
Stockton v. Ford, 18 How. 418.
Washington, etc., Steam Packet Co. v. Sickler, 24 How. 333.
Same case, 5 Wall. 580.
Lessee of Parrish v. Ferris, 2 Black. 606.
Cromwell v. County of Sac., 94 U. S. 351.
Davis v. Brown, 94 U. S. 423.

Russel v. Place, 94 U. S. 606.

Campbell v. Rankin, 99 U. S. 261.

Lumber Company v. Buchtel, 101 U. S. 638.

Stout v. Lye, 103 U. S. 66.

Nesbit v. Riverside Independent Dist., 144 U. S. 610.

Johnson Co. v. Wharton, 152 U. S. 252.

A party in an action is bound by his pleadings. He is also bound by the rulings of the court which he obtains upon his own motion, and is estopped from claiming such ruling as error.

2 Herm., Estop., 823, and note.

A party is bound by his theory and presentation of his case. He can not get relief on one basis, and then seek a new chance to litigate on the suggestion that he has a defense, which he did not see fit to rely on before.

Beam v. Macomber, 35 Mich. 457.

Belanger v. Hersey, 90 Ill. 73.

Sweezey v. Stetson, 67 Iowa 481, 25 N. W. 741.

Nor can a party change his reason for his conduct and decision. He is not permitted to mend his hold. He is estopped from doing it by a settled principal of law.

Railway v. McCarthy, 96 U. S. 267.

See also Dreyfus v. Adams, 48 Cal. 131.

Long v. Fox, 100 Ill. 43.

McQueen v. Gamble, 33 Mich. 344.

Callaway v. Johnson, 51 Mo. 33.

Edwards' Appeal, 105 Pa. St. 103.

Newell et al. v. Meyendorf, 23 Pac. 335.

Our conclusion is that as a matter of law, appellant is now estopped to claim that the judgment of the California court was void for want of jurisdiction.

Davis v. Wakelee, 156 U. S. 691-2.

Bigelow on Estoppel, 601.

Michels v. Olmstead, 157 U. S. 198.

Railway v. McCarthy, 96 U. S. 267.

Gould v. Banks, 8 Wend. 563.

Holbrook v. Wright, 24 Wend. 169.

Everett v. Salters, 15 Wend. 268.

Duffy v. O'Donovan, 46 N. Y. 288.

Thurlow v. Kendall, 62 Me. 166.

McQueen v. Gamble, 33 Mich. 344.

Kingsbury v. Buchanan, 2 Iowa 388.

Hooker v. Hubbard, 102 Mass. 241.

Kaehler v. Dobberpuhl, 60 Wis. 256.

Marten v. Boyce, 49 Mich. 122.

Phila., etc., Co. v. Howard, 13 How. 308.

The pendency of an action at law, can not be pleaded as a bar to a suit in equity for the same cause.

Story's Equity Pleadings (9 Ed.), sec. 742.

1 Daniels' Chancery Pleadings & Practice (5 Id.), 634.

Way v. Bragaw, 16 N. J. Eq. 217.

Fulton v. Golden, 25 N. J. Eq. 353.

C. & S. W. R. Co. v. Heard, 44 Iowa 358.

Langstraat v. Nelson et al., 40 Fed. 783.

The rule is the same where law and equity are administered by the same court, and forms of action are abolished.

1 Ency. Pl. & Pr., 572.

Phillips on Code Pleading, sec. 471.

Guest v. Byington, 14 Iowa 30.

Thorne et al. v. Towando Tanning Co., 15 Fed. 289.

A cotenant in partition is entitled to the value of the improvements made by his predecessors in title, on condition that he account for the rents and profits recovered by such predecessors.

Bright v. Boyd, 4 Fed. Cas., No. 1874-5.

Parson v. Moses, 16 Iowa 448-9.

Freeman on Cotenancy and Partition (2 Ed.), sec. 509-512.

Sedgwick & Waite on Trial to title of Land, sec. 706.

Scott v. Guernsey, 48 N. Y. 106.

The court can not be compelled to search the record for possible errors not mentioned in the assignment.

Pierce v. Strickler, 54 Pac. (N. M.) 749.

Schofield v. Territory, 56 Pac. (N. M.) 311.

The assignment of errors is so framed as to blend together the whole action of the referee and the circuit judge, and was evidently designed to give to the plaintiff the benefit of any fault that could be discovered in any portion of the proceedings, and it would be difficult to imagine a case more distinctly within the mischief designed to be remedied by the twelfth rule of this court.

Aultman v. Wheeler, 18 Mich. 241-2-3.

Horfer v. City of Burlington, 59 Iowa 28.

Feister v. Kent, 92 Iowa 5.

Allen v. Oxnard, 152 Pa. St. 621.

Dexter v. Arnold, 7 Fed. Cas. 597.

Bull's Appeal, 24 Pa. St. 28.

Holton v. Railroad, 138 Pa. St. 115.

Whatever may have been insisted upon before the master, by way of argument or objection, is considered as waived or abandoned, if it is not made matter of exception, unless indeed, it manifestly appears upon the face of the report itself, that the master has committed an error, which ought to be corrected.

Gordon v. Lewis, 10 Fed. Cas. 808.

Newcomb v. White, 5 N. M. 438.

Story v. Livingston, 13 Peters 357.

Topliff v. Topliff, 145 U. S. 172.

Pewabic Mining Co. v. Mason, 145 U. S. 363.

Burns v. Rosenstein, 135 U. S. 455.

Celluloid Mfg. Co. v. Cellonite Mfg. Co., 40 Fed. 476.

Gay Mfg. Co. v. Camp, 68 Fed. 67.

Hatch v. Indianapolis, etc., Co., 9 Fed. 856.

The liability of each cotenant to account for rents and profits received, was created by the statute 4 and 5 Anne, ch. 16 and is now universally recognized.

Freeman on Cotenancy and Partition, sec. 259-272-273.

The action for mesne profits can not be maintained until there is a recovery of the land by the plaintiff in an action of ejectment.

Burton v. Austin, 4 Vt. 105.

But after recovery in ejectment, even by default, against the casual ejector, the lessor of the plaintiff may have his action for the mesne profits against the tenant, both for the use of the land, and for the costs of the ejectment.

Tyler on Ejectment and Adverse Enjoyment, pages 837-8.

The remedy for rents, by one tenant in common against another under the statute, by an action, is cumulative, and does not bar the equitable adjustment of them on a partition in equity.

I R. S. 750, sec. 9.

The rents on a partition, are a lien upon the shares or interest of any cotenants from whom they may be due.

Scott et al. v. Guernsey et al., 48 N. Y. 124.

It was the duty of appellant to pay over to appellees, or their guardian, their share of the rents and profits received by him, and his failure to do so brings him clearly within the third subdivision of section 2550 of the Compiled Laws of 1897 as follows: "Sec. 2550. The rate of interest in the absence of a written contract fixing a different rate shall be six per cent per annum in the following cases. . . . Third, on money recovered to the use of another and retained without the owner's consent, expressed or implied."

Appellees are therefore entitled as a right to the interest claimed, and no authority is necessary to support the proposition, that in the payment of taxes subsequent to the institution of the ejectment suit, appellant was a mere volunteer.

Sedgwick and Waite on Trial to Title to Land, sec. 679.

New Orleans v. Gaines, 15 Wall. 624.

Early v. Friend, 16 Grat. (Va.) 21.

Gutter v. Waddingham, 33 Mo. 269.

Vanderwort v. Gould, 36 N. Y. 639.

W. B. CHILDERS for appellant on motion for rehearing.

One tenant in common has no lien against his cotenant's interest in the property for rents in excess of his share collected.

Flack v. Gosnell, 76 Md. 88.

Clark v. Hersey, 12 S. W. 1077.

Burch v. Burch, 82 Ky. 622.

2 Jones on Liens, 1155.

Hancock v. Day, 36 Am. Dec. 308.

The New York cases hold that there is such a lien, but by reference to Rich v. Rich, 2 N. Y. Sub. 770, it will be seen that it is purely statutory.

The New Mexico statute regulating the recovery of rents and profits, to such rents as have accrued after notice of the plaintiff's title, is a rule of property, and not merely a rule of procedure governing suits in ejectment. In addition to authorities cited in former brief on this proposition, appellant cites—

Cummings v. McGhee, 9 Port. (Ala.) 349.

McCannis Admr. v. Richter, 12 S. E. (W. Va.) 497.

Where all the evidence has been reported, it is not necessary to file exceptions to the findings of fact of the master, or his failure to find the facts. Conclusions of fact need no exceptions. They can be reviewed in the Supreme Court without any.

Magee v. Baker, 14 N. Y. 438.

17 Ency. Pl. and Prac., 1078-9 and authorities cited in the note.

The decree stands without any finding of fact upon this issue on which to base it. No exception was there-

Neher v. Armijo.

fore necessary, upon which to base this objection to the decree. In equity cases no exception should be required.

Compiled Laws, sec. 3145.

This applies to exceptions to the court's action, not the referee's. The court's action was the confirmation of the referee's report. The act of February 24, 1887, expressly provides that the court must make findings of fact.

Acts of 1887, page 216.

The issue as to the statute of limitations is left undecided. How can the court say that the decree was right? It must be supported by the facts found.

Compiled Laws of 1897, secs. 867 and 3145.

Section 3141 expressly provides: "That on the fact therein contained," facts contained in the record, the court shall "award a new trial, reverse or affirm the judgment of the district court, or give such other judgment as to them shall seem agreeable to law."

Magee v. Baker, 14 N. Y. 438.

17 Ency. of Pl. and Prac., 1078 et seq.

The court was in error in declaring that the findings, if any, on account of rents and profits, were a lien on the interest of the appellant in the property.

Assignment of error No. 5 is, that the court had no power to make the rents and profits a lien as between cotenants.

Flack v. Gasnell, 76 Md. 88, 16 La. Ann., p. 547.

Clark v. Hersey, 12 S. W. 1077.

Burch v. Burch, 83 Ky. 622.

2 Jones on Liens, 1155.

Hancock v. Day, 36 Am. Dec. 293.

OPINION OF THE COURT.

PARKER, J.—The first point presented by the appellant is the effect of the judgment in ejectment upon the rights of the parties in this suit. At common law,

ejectment was nominally a mixed action, but recovery was had only for nominal damages. Following the judgment in ejectment, the successful plaintiff had an action in the form of trespass *vi et armis,* but in effect to recover rents and profits. 1 Chitty, Pleadings, 193. If brought in the name of lessor of the plaintiff, who was the real party in interest, recovery could be had for rents and profits received by the defendant previous to the demise as laid in the declaration in ejectment (Id. 194), for any period not barred by the statute of limitations. Id. 196. In case of ouster of one cotenant from the possession of the premises, as in this case, the same rights and remedies existed in his favor against his cotenant who had ousted him. Id. 195; Freeman on Coten. & Par., sec. 290; Am. & E. Ency. Law (2 Ed.), 513; Newell on Ejectment, p. 125, sec. 5, and p. 625, sec. 30.

Our ejectment statute is as follows: "If the plaintiff prevail, he shall recover for damages the value of the rents and profits of such premises to the time of the verdict or the expiration of the plaintiff's title, under these limitations: First. If the defendant had knowledge of the plaintiff's claim or title, then for the whole time he had such knowledge. Second. If he had no such knowledge, then from the commencement of the action." Comp. Laws, 1897, sec. 3170.

It will be seen that the statute limits recovery in *ejectment* to a period subsequent to knowledge of plaintiff's right by defendant, or, in the absence of knowledge, to the period covered by the pendency of the action. It is claimed for the judgment in ejectment by appellant that it operates as a bar to any further recovery of rents and profits, but we can not agree to the proposition. It is first urged that the measure of recovery provided by the ejectment statute is exclusive in all cases. But the common law right is to recover the entire share of mesne profits due plaintiff and which have been received by defendant over and above his just share. The statutory

right is to recover in ejectment for a limited period only, dependent upon notice of plaintiff's rights. The scope of the statute is limited, and no attempt is made therein to give a complete remedy. The common law and statutory remedies do not cover the same field. There is nothing in the statute, either in express terms or by implication, indicating an intention to curtail the common law remedy for rents and profits. It is further urged by appellant that appellees, having attempted to recover in the ejectment proceedings for the period anterior to the bringing of that action and for the same period for which recovery is sought in this suit, they are therefore barred. But we do not so understand the application of the rule invoked. This attempt amounted, simply, to the selection of the wrong remedy to enforce the right claimed. The statute prohibited recovery of these rents and profits in the ejectment suit, and the court properly excluded proof of the same. They were not, could not be under the statute, litigated in that action. Under such a state of the law and facts, the judgment in the ejectment can be *res judicata* as to the amount of rents and profits due appellees only so far as the same was or could be adjudicated, viz., covering the period of knowledge of appellees' rights by appellant, or, in the absence of such knowledge, from the institution of the action of ejectment. This situation is clearly distinguishable from a case where an entire demand is properly litigable in a cause, and a party fails to recover all he is entitled to because of a failure or neglect to produce necessary proof.

It is further urged by counsel for appellant that it has been held otherwise, but we do not so understand the cases cited. The Vermont cases cited are decided upon a statute which authorizes and requires a recovery in ejectment for *all* damages, without any limitation, as in our statute. Under such a statute, it is clear that the whole subject of mesne profits must be litigated, and a

judgment would be *res judicata* whether full recovery was in fact had or not. Strong v. Garfield, 10 Vt. 502. Walker v. Hitchcock, 19 Vt. 643; Lippett v. Kelley, 46 Vt. 516. The Missouri cases cited do not support the contention made for them. In Stewart v. Dent, 24 Mo. 111, a recovery of rents and profits was sought covering the same period for which recovery had been had in a former action and the court properly held the former judgment to be a bar. The same thing was held in Lee v. Bowman, 55 Mo. 400. In Gillum v. Case, 16 So. (Miss.) 236, the court simply held that under the statutory provisions of that State, in case a defendant made claim for improvements, it devolved on the plaintiff to present his claim for rents and profits, and, having failed to do so, he was barred by the judgment. It seems clear that none of these cases pretend to decide the point involved in this case, viz.: whether a judgment of recovery in ejectment under a statute like ours, is a bar to a recovery of rents and profits accruing prior to notice to defendant of plaintiff's claims. We hold as before indicated, that it is not.

The next question presented is as to the application of the statute of limitations to the claim of appellee for rents and profits. It is urged by appellees that appellant is not in a position to present the question to this court, he having filed no exception to the referee's report on that ground. It appears from the record that objection was made, in pursuance to a plea of the statute of limitations filed by appellant, to certain testimony offered by appellees as to rents and profits received by appellant covering a period of more than four years, and upon which the referee, in determining the amount of rents and profits due, found for appellees. Upon the coming in of the referee's report, appellant filed exceptions to the same based solely, so far as the finding of the amount of rents and profits due was concerned, upon the claim that the rate of charge against appellant should have been according to the rental value

of the premises without the improvements which appellant and his grantors had erected thereon.    Thus the question of the application of the statute of limitations was never presented to the court below, and is insisted upon here for the first time, except as the same was raised by the plea and objection to the testimony.    It is therefore urged that appellant can not now avail himself of the objection, and we think the point well made.    It is fundamental that errors complained of must be objected to and exceptions saved or they will be disregarded in an appellate court.    8 Ency. Pl. and Pr. 157; Crabtree v. Segrist, 3 N. M. 495; Territory v. O'Donnell, 4 N. M. 196.    And this rule applies to errors complained of in reports of masters or referees.    8 Ency. Pl. & Pr., 283-284; Williams v. Thomas, 3 N. M. 550; Newcomb v. White, 5 N. M. 438; Story v. Livingston, 13 Peters (U. S.) 357; Topliff v. Topliff, 145 U. S. 172; Gordon v. Lewis, 10 Fed. Cases, 808.    The alleged error not being preserved properly, will be deemed to be waived.    In so holding we are not unmindful of sub-sec. 119 of sec. 2685 of the Comp. Laws of 1897, which dispenses with formal exception but in no sense dispenses with objection in order to preserve the error complained of.    We simply hold that objection must be preserved according to the forms of law to be available in this court.

The next point urged by appellant is that he should have been allowed for improvements erected upon the premises by his grantors.    The principle is admitted by appellees, but the contention is made by them that no allowance can be made in this case, for the reason that the improvements have been paid for out of the rents and profits received by appellant's predecessors in title.    It appears from the transcript that each of the appellees has been the owner of an undivided one-tenth interest in the premises since the death of their father in April, 1882, and have received no share of the rents and profits of the property from December, 1883, until August, 1896, the date of the institution of the

ejectment suit. During that time Williamson, one of the appellant's predecessors in title, made improvements amounting to from $2,200.00 to $2,500.00; but during the time he had possession of the property, he received more than $3,000.00 in rents and profits from the same. It thus appears that appellant's predecessor in title was fully paid for all the improvements he made upon the property out of the rents and profits. The repairs put upon the premises by appellant, of which he made satisfactory proof, were allowed to him by the court below. It is a sufficient answer, therefore, to appellant to say that all improvements by his predecessors in title have been paid for out of the proceeds of the rents and profits of the property, and that it would be inequitable to again charge appellees with the same. And if the same had not been fully paid, it would be incumbent on appellant to account for as much as had been paid. See Bright v. Boyd, 4 Fed. Cases No. 1874-5; Parsons v. Moses, 16 Iowa 446, 447; Sedgwick & Waite on Trial of Title to Land, sec. 706. This disposes of all of the substantial errors complained of by appellant.

Appellees complain that error was committed by the court below against them in not charging appellant with interest on the annual receipts of rents and profits which belonged to them and in allowing appellant certain items of taxes paid by him after the institution of the ejectment suit, exception to which was duly saved, but no appeal or cross-appeal was taken by them and no assignments of error filed. It requires no citation of authority to establish the proposition that, independent of some statute providing a different rule, appeal and assignment of errors are quite as essential to present a question to an appellate court for review, as are objections and exceptions to the errors complained of. Counsel seems to concede the general rule, but insists that under the peculiar terms of our statute, it is

Neher v. Armijo.

the duty of this court to correct the errors of which he complains. The statute relied upon is as follows:

"In all cases now pending in the Supreme Court, or which may hereafter be pending in the Supreme Court, and which may have been tried by the equity side of the court, or which may have been tried by a jury on the common law side of the court, or in which a jury may have been waived, and the case tried by the court or the judge thereof, it shall be the duty of the Supreme Court to look into all the rulings and decisions of the court which may be apparent upon the records, or which may be incorporated in the bill of exceptions, and pass upon all of them, and upon the errors, if any shall be found therein, in the rulings and decisions of the court below, grant a new trial or render such other judgment as may be right and just and in accordance with law; and said Supreme Court shall not decline to pass upon any question of law or fact which may appear in any record either upon the face of the record or in the bill of exceptions because the cause was tried by the court or judge thereof without a jury, but shall review said cause in the same manner and to the same extent as if it had been tried by a jury." Comp. Laws 1897, sec. 897.

If the interpretation of this section of the statute invoked by appellees is to be adopted, it is easily made manifest to what absurd results we will be brought. It will be no longer necessary to make objection or save exception in the trial courts of this Territory. Learned counsel may sit by and see the trial court, in the hurry and tedium of a protracted trial, commit any sort of error and never call attention to the same or lend the court the aid to which it is entitled in arriving at a correct conclusion. If unsuccessful, he may appeal to this court and assign errors, or, failing in that, may call attention to the errors complained of in his brief, or, failing in that, he may turn over the record and bill of exceptions to this court and say: "Here is this record.

It is full of errors. Take it, examine it, and render such judgment as may be right and just, and in accordance with law." And the successful party may do the same thing in case of an appeal by his opponent, as in this case. It is apparent that the legislature never intended the statute to have an effect so inconsistent with all the principles of trial and appellate procedure and the due administration of justice. This statute does not pretend to deal with methods of saving exceptions and presenting errors to the appellate court; it simply provides that *errors* shall be passed upon. Can it be contended that immaterial, invited or waived errors are to be passed upon? We think not. An error of the trial court ceases to be such in the appellate court, if the same is immaterial, invited, or has been waived. We think the errors mentioned in the statute are such errors only as have been made available by the party presenting them. We are confirmed in this conclusion by the persistent ruling of this court ever since this statute was passed in 1889 to the effect that only such errors as are properly saved and presented will be considered. See Laird v. Upton, 8 N. M. 409; Padella v. Territory, 8 N. M. 562; and Grayson v. Lynch, 163 U. S. 468, in each of which this section was held not to modify existing rules of procedure. It is likewise to be understood that we recognize the exception to the general rule which authorizes this court to notice without exception or presentation, jurisdictional and other matters which may render a case inherently and fatally defective and require a reversal. There being no available error in the record, the decree of the lower court will be affirmed, and the cause remanded with instructions to carry into effect the decree therein rendered, and it is so ordered.

Mills, C. J., McFie and McMillan, JJ., concur. Crumpacker, J., having heard the case below, took no part in this decision.