De Baca v. Wilcox.

[No. 921.    April 25, 1902.]

RAMONA L. de BACA, Administratrix, et al., Plaintiffs in Error, v. A. G. WILCOX, Defendant in Error.

### SYLLABUS.

1.    Writs of *scire facias,* so far at least as the revival of judgments are concerned, were abolished in this Territory by the adoption of the code of civil procedure.

2.    When a lower court has no jurisdiction to enter a judgment, the question of jurisdiction may be raised for the first time in an appellate court.

Error to the district court of Valencia county, before J. W. CRUMPACKER, Associate Justice. Reversed and remanded.

CATRON & GORTNER for plaintiffs in error.

A proceeding to review a judgment by *scire facias* after the same has become dormant is an "action."

Browne & Manzanares Co. v. Chavez, 9 N.
M. 316; Fenner v. Evans, 1 Term R. 268; Grey
v. Jones, 2 Wils. 251; Pulteney v. Townson,
2 Bla. Rep. 1227, 2 Tidd 1046, Co. Litt. 290;
Ensworth v. Davenport, 9 Conn. 392; Green-
way v. Dare, 6 N. J. L. 306; Gonnigal v. Smith,
6 Johns. (N. Y.) 107; Gibbons v. Goodrich, 3
Ill. App. 590.

See also—

Potter v. Titcomb, 13 Me. 39; Atwood v.
Burr, 2 Salk. 603; Clark v. Paine, 11 Pick. 66;
Kirkland v. Krebs, 34 M'd. 93; Bentley v. Se-
vier, Hempst. (C. C.) 249; Smith v. Repley, 33
Conn. 36, 8 Bac. Abr. 598.

It is an action within the meaning of the N. M.
Code of Civil Procedure passed March 18, 1897.

C. L. 97, sec. 2685. subsec. 1.

The New Mexico Code was taken almost entirely
from the Codes of California and New York.

See on this point—

Humiston v. Smith, 21 Cal. 134; Cameron
et al. v. Young, 6 How. Pr. (N. Y.) 373; Mur-
phy v. Cochran, 1 Hill 342; Alden v. Clark, 11
How. Prac. 210; 1 Ten. Rep. 267; 2 Ten. Rep.
46.

The writ of *scire facias,* both as a public and pri-
vate remedy is entirely abolished by the code.

Catskill Bank v. Sanford, 4 How. 100, 101.

While a judgment may be revived there is no revival
of a lien of a judgment on real estate. The revivor of a
judgment by *scire facias* creates no new lien.

Woolston v. Gale, 9 N. J. L. 32; Murray
v. Baker, 5 B. Monroe 172; Bullock v. Ballew,
9 Tex. 498; Jordan v. McCurdy, 77 Va. 763;
Wade v. Hancock, 76 Va. 620; Humphrey v.
Lundy, 37 Mo. 320; Patrick v. Newell, 1 Bebb.
(Ky.) 323; Tindell v. Carson, 16 N. J. L. 94;
Camp v. Gainer, 9 Tex. 372.

McMILLAN & RAYNOLDS for defendant in error.

The plaintiffs in error have no standing in court as they have failed to make or file assignments of error in this court.

> Section 3140, Compiled Laws of 1897; Supreme Court Rule 14; Lamy v. Lamy, 4 N. M. 29, 291; Deemer v. Falkenburg, 4 N. M. 149; Martin v. Terry et al., 6 N. M. 491.

The abolishment of the remedy of revivor of a judgment *scire facias* was not contemplated by the code, and there is no express provision changing the common law remedy.

> Freeman on Executions, sec. 82 and cases cited; Freeman on Judgments, sec. 442 and 444; Browne & Manzanarez v. Chavez, 9 N. M. 316, 54 Pac. R. 238.

In Missouri *scire facias* is the proper remedy to revive a judgment and no pleading is required.

> Merchants etc. Co. v. Hill, 17 Mo. App. 590.

The plaintiffs in error cannot raise the question attempted in this court for the first time, not having raised it in the court below.

> 19 Ency. Pl. & Pr., 266; State v. Shively, 10 Or. 267; People v. Hall, 80 N. Y. 119; People v. Thatcher, 55 N. Y. 528; McDowell v. Asbury, 66 N. C. 444; Freeman on Judgments, sec. 538; Chavez v. McKnight et al., 1 N. M. 147; Laguna v. Acoma, 1 N. M. 220; Crabtree v. Segrist, 3 N. M. 495; Nehr v. Armijo, 66 Pac. 517; Holmes et al. v. Fitch et al., 16 Ind. 358; Slaughter v. Farland, 31 Gratt. (Va.) 134; Brown v. Waterman, 10 Cush. (Mass.) 117; Asher v. Deyoe, 77 Hun (N. Y.) 531; Folmsbee v. Amsterdam, 66 Hun 214; Creager v. School District, 62 Mich. 214; Buffalo etc. Co. v. Delaware etc. Railroad Co., 130 N. Y. 152; Scudder v. Jones, 134 Ind. 574; 8 Ency. Pl. and Pr., p. 197.

De Baca v. Wilcox.

### PLAINTIFFS' REPLY BRIEF.

Plaintiffs' points and citations in response to defendant's brief.

Lutz v. Ry. Co., 6 N. M. 497; Perea v. Bank, 6 N. M. 1; Humeston v. Smith, 21 Cal. 129.

The Code furnishes its own rules for the construction of its pleadings, and it is to be carried into effect according to its terms, and upon principles peculiar to itself.

4 Ency.. Pl. and Pr., p. 557, note 1, p. 558 from 11 N. Y. 354; 12 Ency. Pl. and Pr., p. 120.

Parties must be brought before the tribunal by proper pleadings according to the practice and the law of the case, before the power to hear and determine the cause attaches.

12 Ency. Pl. and Pr., 129; 71 Iowa 421-4; Dunlap v. Southerlin, 63 Tex. 42; 1 Elliott's Genl. Practice p. 250; Thomas v. People, 107 Ill. 524.

The statement of facts constituting a cause of action is absolutely jurisdictional, and if a petition lack this essential, the judgment upon it will be avoided.

4 Ency. Pl., p. 601, note p.; Halleck v. Janden, 34 Cal. 173; Weil v. Greene Co., 69 Mo. 286; Greer v. Adams, 6 Kan. 126; Gragin v. Lovell, 109 U. S. 199; Thurston v. King, 1 Abb. Pr. 126.

### STATEMENT OF FACTS.

On September 1, 1893, a judgment was rendered in the district court of Valencia county, in favor of A. G. Wilcox, plaintiff, v. Roman A. Baca, defendant, for $372.27, and costs. Execution was sued out, to which return was made January 10, 1894; alias execution was sued out May 8, 1894, to which return was made Decem-

ber 15, 1894. Nothing further was done until April 20, 1900, when writs of *scire facias* were issued to the sheriffs of Santa Fe and Valencia counties, seeking to revive the judgment of September 1, 1893, for its full amount, and interest and costs. The *scire facias* proceedings were brought, according to the recitals in the writ, against the plaintiffs in error as the successors, administrators and heirs of said original defendant Roman A. Baca, stating their succession as a matter of fact.

Service was made, as appears by the record, certificate of non-appearance was issued by the clerk of the district court on April 20, 1900, and on June 1, 1900, the judgment was revived by the court against the plaintiffs in error herein, they not appearing, for the amount of the original judgment, interest and costs, and execution was awarded against all of the property which the said plaintiff was entitled to have subjected to his execution during the lifetime of the deceased Roman A. Baca.

To this judgment, writ of error was sued out.

OPINION OF THE COURT.

MILLS, C. J.—But two points are involved in the decision of this case, to-wit: (1) Will the writ of *scire facias* lie to revive a judgment since the enactment of the code of civil procedure in the year 1897? and, (2) if the writ does not lie are we estopped from considering the points assigned as error, because plaintiffs in error allowed a judgment to go against them by default in the lower court, and reserved no exceptions on which to base a writ of error?

Previous to the passage of our practice act or code of civil procedure, section 2685, Compiled Laws of 1897, writs of *scire facias* were freely issued by the courts of this Territory in appropriate cases. Subsection 1 of the code provides that, "There shall be in this Territory but one form of action for the enforcement or protection of private rights, and the redress or prevention of pri-

vate wrongs, which shall be denominated a civil action, etc." By subsection 175 of the code, as amended by section 6, chapter 75, Session Laws of 1899, it is provided that the code shall not affect proceedings for habeas corpus, mandamus, prohibition, *quo warranto* or other proceedings, to-wit: . . . or actions in replevin, ejectment or proceedings by attachment, except so far as the same prescribes the time of service and return of process. Writs of *scire facias* are not mentioned as exempted from its operation.

Defendant in error contends that a *scire facias* to revive a judgment is not affected by the code it not being an original but a judicial writ, founded on some matter of record; and that it is only the continuation of an action, a step leading to the execution already obtained, and enforcing the original demand for which the action was brought.

This court however held in the case of Browne & Manzanares Co. v. Chaves, 9 N. M. 316, that a *scire facias* proceeding was an action. In that case the court said: "The proceedings in this case show all the characteristics of an action at law. The record shows that a *precipe* was issued for the writ, and the writ of *scire facias* was issued, which is declared to be the equivalent of a declaration. The writ was returnable as other writs are. The defendant was ordered to show cause; pleas and demurrer were filed as in other cases; a judgment overruling the demurrer and dismissing the cause was entered; and plaintiffs in error have the *scire facias* proceedings, not the original action, in this court, seeking a review and reversal, and we see no reason why such proceedings should not be considered an action within the meaning of out statute."

A proceeding by *scire facias* to revive a judgment being an action must be carried on as provided by our code. A complaint must be filed, summons must issue and be served, and the various steps leading to a judgment must be complied with.

Our code being largely taken from the State of California, we are bound by the decisions of that State in interpreting such parts of it as are taken from it, when such interpretation is not locally inapplicable or unsuited to us on account of the different conditions and circumstances which exist.

In October, 1862, a clause of the California code read as follows, to-wit: "There shall be in this State but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, etc." It will be observed that the provision in our code is in almost the same words as this, and in the case of Humiston v. Smith, 21 Cal. 130 (decided in October, 1862), the Supreme Court of that State, basing its opinion on cases decided in the State of New York, from the code of which State all other codes are taken, holds distinctly that the terms "civil action" includes the remedy of *scire facias,* and that the adoption of their code or practice act abolished and superseded that writ. The remedy by *scire facias* in California, was we are aware, specifically repealed on March 10, 1880, but this was long after the decision of the case of Humiston v. Smith, supra.

We are therefore of the opinion that the writ of *scire facias,* so far at least as the revival of judgments is concerned, was abolished in this Territory by the adoption of the code of civil procedure by the Legislature of 1897.

We will now consider the second point, as to whether or not we are estopped from considering the points assigned as error, because plaintiffs in error suffered a judgment to go against them by default in the lower court, and reserved no exceptions on which to base a writ of error.

It is a general rule that errors complained of must be objected to and exceptions saved, or they will be disregarded in an appellate court. This principle has been frequently enunciated by this court. Neher v. Armijo,

66 Pac. 517 and cases cited: but we have also recognized the exception to the general rule which authorizes us to notice without exception jurisdictional and other matters which may cause a case to be inherently and fatally defective. Neher v. Armijo, 66 Pac. 517. The question of jurisdiction may be raised for the first time in the appellate court, or the court may, of its own motion, take notice of such want of jurisdiction. 2 Cyc. 680.

If another inferior court has no jurisdiction of a cause, an appeal from its decision confers no jurisdiction upon appellate court. 2 Cyc. 537.

A court can not try a question except when approached in a particular way as the law withholds jurisdiction unless the court is approached in the manner provided by law. 12 Ency. P. and P., p. 120. Courts have no power until their action is called into exercise by some kind of pleading, authorized by law, to render a judgment in favor of any person, than they have to render judgment against a person until he has been brought within the jurisdiction of the court in some manner recognized by law as sufficient. Dunlap v. Sutherlin, 63 Tex. 42.

Having held that the writ of *scire facias* was abolished in this Territory by the adoption of the code in 1897, it necessarily follows, that the lower court had no jurisdiction to entertain and enter judgment upon said writ, consequently the action of the court in entering such judgment was *coram non judice.* The court below having no jurisdiction, to enter the judgment, we hold that we can take notice of such want of jurisdiction, of our own motion, without any exception having been reserved in the court below.

In accordance with the views expressed above, this cause is therefore reversed and remanded to the district court of Valencia county, with instructions to dismiss the writ of *scire facias,* and it is so ordered.

Parker, Baker, McFie and McMillan, JJ., concur.

[No. 924. April 25, 1902.]

AMBROSIO ARMIJO et al., Plaintiffs in Error, v. GEORGE K. NEHER, Defendant in Error.

SYLLABUS.

When one of the parties to a suit sues out an appeal which is heard, it does not prevent the other party to the cause from suing out a writ of error to review certain errors alleged to have occurred on the trial, and which were not reviewed on appeal.

Error to the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice. Defendant's demurrer sustained.

NEILL B. FIELD for plaintiffs in error.

WILLIAM B. CHILDERS for defendant in error.

OPINION OF THE COURT.

MILLS, C. J.—The defendant in error, George K. Neher, brought suit in the district court of Bernalillo county, against the plaintiffs in error, Ambrosio Armijo and Anita Armijo, to partition certain real property situated in the city of Albuquerque. In this suit a cross-complaint was filed by the Armijos to recover a certain part of the rents, issues and profits alleged to have been received by Neher as their cotenant.

On December 1, 1900, a final judgment was entered in the case by the district court, directing the sale of the property and the payment to the Armijos of a fixed amount of the rents, issues and profits, out of the proceeds of the sale as their share. On December 3, 1900, Neher appealed and the case came on for hearing at the January, 1901, term of this court. At the hearing plaintiffs in error herein insisted that there was no error prejudicial to Neher in the judgment, but that there was

error prejudicial to themselves.    They did not however file any cross-appeal, but their counsel stated that if "a cross-appeal is deemed by the court to be necessary to enable it to review the action of the trial court in this regard, a cross-appeal will be taken by appellees, but it is earnestly urged that no such cross-appeal is necessary."

On October 1, 1901, an opinion was filed in the case by Mr. Justice Parker, affirming the judgment of the court below, and in his opinion he refused to consider certain errors claimed to exist by appellees, saying:

"Appellees complain that error was committed by the court below against them in not charging appellant with interest on the annual receipts of rents and profits which belonged to them, and in allowing appellant certain items of taxes paid by him after the institution of the ejectment suit, exceptions to which were duly saved; but no appeal or cross-appeal was taken by them, and no assignments of error filed.    It requires no citation of authority to establish the proposition that, independent of some statute providing a different rule, appeal and assignment of errors are quite as essential to present a question to an appellate court for review as are objections and exceptions to the errors complained of.    Counsel seems to concede the general rule, but insists that under the peculiar terms of our statute it is the duty of this court to correct the errors of which he complains. The statute relied upon is as follows: 'In all cases now pending in the Supreme Court, or which may hereafter be pending in the Supreme Court, and which may have been tried by the equity side of the court, or which may have been tried by a jury on the common law side of the court, or in which a jury may have been waived, and the cause tried by the court or the judge thereof, it shall be the duty of the Supreme Court to look into all the rulings and decisions of the court which may be apparent upon the records, or which may be incorporated in a bill of exceptions, and pass upon all of them, and

upon the errors, if any shall be found therein, in the rulings and decisions of the court below, grant a new trial or render such other judgment as may be right and just and in accordance with law; and said Supreme Court shall not decline to pass upon any question of law or fact which may appear in any record either upon the face of the record or in the bill of ex-ceptions because the cause was tried by the court or judge thereof without a jury, but shall review said cause in the same manner and to the same extent as if it had been tried by a jury.' Comp. Laws of 1897, sec. 897. If the interpretation of this section of the statute invoked by appellees is to be adopted, it is easily made manifest to what absurd results we will be brought.

"It will be no longer necessary to make objection or save exception in the trial courts of this Territory. Learned counsel may sit by, and see the trial court, in the hurry and tedium of a protracted trial, commit any sort of error, and never call attention to the same, or lend the court the aid to which it is entitled in arriving at a correct conclusion. If unsuccessful, he may appeal to this court, and assign errors, or, failing in that, may call attention to the errors complained of in his brief, or, failing in that, he may turn over the record and bill of exceptions to this court, and say: 'Here is this record. It is full of errors. Take it, examine it, and render such judgment as may be right and just, and in accordance with law.' And the successful party may do the same thing in case of an appeal by his opponent, as in this case. It is apparent that the Legislature never intended the statute to have an effect so inconsistent with all the principles of trial and appellate procedure and the due administration of justice. This statute does not pretend to deal with methods of saving exceptions and presenting errors to the appellate court. It simply provides that errors shall be passed upon. Can it contend that immaterial, invited, or waived errors are to be passed upon? We think not. An error of the trial

court ceases to be such in the appellate court if the same is immaterial, invited, or has been waived. We think the errors mentioned in the statute are such errors only as have been made available by the party presenting them. We are confirmed in this conclusion by the persistent ruling of this court ever since this statute was passed in 1889 to the effect that only such errors as are properly saved and presented will be considered. See Laird v. Upton, 8 N. M. 409, 45 Pac. 1010; Padilla v. Territory, 8 N. M. 562, 45 Pac. 1120; Grayson v. Lynch, 163 U. S. 468, 16 Sup. Ct. 1064, 41 L. Ed. 230, in each of which this section was held not to modify existing rules of procedure. It is likewise to be understood that we recognize the exceptions to the general rule which authorizes this court to notice without exceptions or presentation jurisdictional and other matters which may render a case inherently and fatally defective, and require a reversal." Neher v. Armijo, 66 Pac. 517.

On the day this opinion was handed down, or soon after, counsel for Neher filed a motion for a rehearing of the case, which motion was overruled at the January, 1902, term of this court.

On October 4, 1901, which was within the statutory time, plaintiff in error sued out a writ of error, and caused the same to be served upon the defendant in error, Neher.

Counsel for defendant in error filed a plea setting up that the action of this court in case No. 902, Neher v. Armijo et al., 66 Pac. 517, was a bar to the prosecution of this writ of error. To this plea defendant demurred, so that there is but one point for us to consider in passing on this case, in its present shape, viz.: Where a party to an action has taken an appeal, and the other party has taken no cross-appeal and consequently has assigned no errors, and a judgment is given on such appeal, is the other party estopped thereby from suing out a writ of error, and having the same heard?

Writs of error had their origin in the common law,

and have been adopted in the United States as a part of the common-law system.     2 Cyc. 508; Harding v. Larkin, 41 Ill. 413.     The remedy by appeal was unknown to the common law, and is a right which has been given by statute.     2 Cyc. 507; Harding v. Larkin, 41 Ill. 413.

In the absence of constitutional limitations the Legislature may prescribe the mode and specify the manner in which a cause shall be brought up from the lower courts to the appellate court for review.     Dismukes v. Stokes, 41 Miss. 430.

In this Territory the right is given for any party to a suit who considers himself aggrieved by the judgment rendered in a suit to either appeal or sue out a writ of error.     No provision is in our statutes providing for cross-appeals or for the assignment of errors on a cross-appeal, if one is taken.

Cross-appeals have frequently been brought before us, and we have as frequently considered them; i. e., both parties have appealed from the same judgment and have assigned errors, which we have reviewed at the same hearing, and have decided at the same time.     In the case at bar, however, only one party appealed, and assigned errors, while the other sued out a writ of error.

Many of the States have statutes on the subject of cross-appeals, some of which provide that if one party appeals, or sues out a writ of error from a judgment and the other considers himself aggrieved, that he must join in the appeal or writ of error and assign errors, which are considered by the court at the same time as the original appeal, and that if he does not do so, that he shall be barred from thereafter making an appeal or suing out a writ of error.     In other jurisdictions there is express statutory authorization for the assignment of cross-errors which do not deprive the defendant in error of the right to sue out a writ of error, if he prefers to do so.     But if he avails himself of the statutory remedy, he is precluded from thereafter suing out a separate writ of error.     7 Ency.

P. and P. 855, citing Page v. People, 99 Ill. 425; Wickliffe v. Buckman, 12 B. Monroe, 424. In this case, the defendant in error relies almost entirely to sustain the plea which he has interposed upon the case of Gaston v. Gaston, 54 Miss. 512; a case which was decided in 1877. In that case the appellee appealed from a decree which he sought to have reversed, but which decree was affirmed, and subsequently, the appellants also appealed. The court held that a party could not resist an appeal, obtain an affirmance of the decree, and afterwards prosecute an appeal from the decree, which he insisted should be affirmed.

The great weight of authority seems to be against the holding of the Supreme Court of Mississippi, and besides this, case can readily be distinguished from it, for in that case, after one appeal had been decided, the other party sought to appeal, while in this case after the appeal had been decided, the other party seeks to sue out a writ of error, to review certain errors alleged to have occurred in the trial of the cause below, which were not reviewed on the appeal.

In Northern Pac. R. Co. v. Glaspell, 49 Fed. 482, Judge Shiras holds that one party can sue out a writ of error to the Supreme Court of the United States for the purpose of presenting the question of jurisdiction, while the other party appealed to the circuit court of appeals, and that the appeal would be continued in the circuit court of appeals to await the decision of the Supreme Court on the question of jurisdiction.

Where a system of appellate procedure has been adopted which contemplates both the remedies by appeal and by writ of error, but makes no provision for the assignment of cross-errors, one party may appeal and the other prosecute a writ of error. 2 Cyc. 530.

In Harding v. Larkin, 41 Ill. 413, the court holds that a plaintiff may prosecute a writ of error, although the defendant has appealed from the same judgment,

and that one of these proceedings does not affect the other, and that both may progress at the same time.

Brennam v. Bank, 50 Pac. 1076, holds that the failure of an appellee in the court of appeals to assign cross-errors does not cut him off from the right to a subsequent writ of error, and the same doctrine is held in Page v. People, 99 Ill. 418.

On the review of this case on the writ of error, nothing of course can be considered which was decided in the case of Neher v. Armijo, 66 Pac. 517, as that is already *res judicata,* but we can see no good reason if error intervened against the plaintiffs in error on the trial of this cause in the lower court which were not considered by us on hearing of the appeal, because cross-assignments of error were not made, why such matters should not now be considered by us.

It is therefore ordered that the demurrer filed to the plea in this case be sustained, and the plea overruled, and it is so ordered.

Parker, Baker, McFie and McMillan, JJ., concur.