(No. 2190.   Oct. 2, 1919.)

## BACA v. PEREA.

### SYLLABUS BY THE COURT.

1.   Where a party in the district court in his pleading makes the papers in another cause in such court a part of such pleading by reference, he will not be heard to object in the appellate court to the incorporation of such papers, so made a part of his pleading by reference, into the transcript of record.                                         P. 445

2.   There is a well-recognized exception to the rule that the appellate court will not examine a record unless exceptions have been taken and the error complained of called to the attention of the trial court, which is that the court will notice, without exception or presentation, jurisdictional and other matters which may render a case inherently and fatally defective and require a reversal.                    P. 445

3.   Where a judgment is rendered on an answer which clearly fails to state facts sufficient to constitute a defense to a good complaint, such judgment is inherently and fatally defective, and no exception to the rendition of the same is necessary.                                          P. 446

Error to District Court, Sandoval County; Raynolds, Judge.

Suit by Socino C. De Baca against Jacobo Perea, with counterclaim and cross-complaint by defendant. Judgment for defendant, dismissing the complaint on the merits, and plaintiff brings error. Reversed and remanded, with instructions to set aside the judgment and grant defendant leave to amend his answer.

MARRON & WOOD, of Albuquerque, for plaintiff in error.

NEILL B. FIELD, of Albuquerque, for defendant in error.

### OPINION OF THE COURT.

ROBERTS, J.  Plaintiff in error sued defendant in error in the court below for contribution, alleging in substance that on the 30th day of June, 1915, plaintiff and defendant became joint sureties upon the note of Emiliano Lucero to the State National Bank of Albuquerque for the sum of $3,000; that, the principal failing to pay the note, the bank demanded payment thereof from the sureties; that the defendant failed and refused to pay, and in order to prevent suit plaintiff was forced to and did pay the full amount of the note; that nothing had been paid to the plaintiff, except that a mortgage which had been given to the plaintiff and the defendant by Lucero to indemnify them against loss or damage because of having signed the note had been duly foreclosed, and the net amount realized from the foreclosure applied upon the claim, and that of the balance remaining unpaid, the equal one-half part, to-wit, $1,547.59, with interest, was due from the defendant to the plaintiff by way of contribution.

On the 11th day of July, 1917, the defendant appeared and filed a pleading denominated "Answer, Counterclaim, and Cross-Complaint." The first paragraph of

the answer attempted to plead res adjudicata, and, after setting up the title and number of the case upon which the claim or former adjudication was based, the answer proceeded:

"This defendant prays leave to refer to the records and proceedings in said cause of Socimo C. De Baca v. Emiliano Lucero, Luz E. Lucero, and Jacobo Perea, No. 420 on the docket of this court, and that the same may be taken and considered as part of this answer with the same effect as if a certified transcript thereof had been attached to and made a part hereof."

The proceedings, pleadings, and judgment in the case referred to, which are incorporated into the transcript herein, clearly show that there was no foundation whatever for the claim that there had been a former adjudication. The second paragraph of the answer also failed to state facts sufficient to constitute a defense. The cross-complaint asked that an accounting be taken of the property purchased by plaintiff at the foreclosure sale, and that defendant be given the right to contribute to the expense incurred by the plaintiff therein and that he receive the benefit upon the payment of one-half the amount paid by plaintiff as the purchase price of the property; it being his contention that plaintiff had purchased the property at much less than its value, and that he should be allowed to participate in the benefits. Plaintiff failed to demur or reply to the answer and counterclaim within the time limited by the statute, and defendant moved for judgment for want of a reply, serving notice of the same upon counsel for plaintiff. At the time noticed for the hearing plaintiff appeared and asked leave of court to file a demurrer to the first and second paragraphs of the answer and a reply to the counterclaim and attempted to excuse his default. The court properly held that the showing made was insufficient to excuse the default, refused the permission requested, and entered judgment for the defendant, dismissing the plaintiff's complaint on the merits. To review the action of the court in entering such judgment this appeal is prosecuted.

[**1**]   The error here assigned is that the court com-
mitted error in entering judgment for the defendant,
because the answer upon which the judgment was based
was insufficient in law to constitute a defense to the
matters and things set forth in the complaint.   De-
fendant in error filed a motion to strike from the trans-
cript of record the copy of the pleadings, proceedings
and judgment in cause No. 420, upon which his plea of
res adjudicata was based; it being his contention that
because a copy of these pleadings, etc., was not at-
tached to his answer as an exhibit that the same could
not properly be considered by either the district court
or this court.   This motion will not, however, be sus-
tained because defendant in error attempted to make
these matters a part of his answer by reference and ap-
parently had the benefit thereof in the district court,
and in equity and good conscience he should not now
be able to deprive the plaintiff of the benefit thereof.
Where a party in the district court in his pleadings
makes the papers in another cause in such court a part
of such pleading by reference, he will not be heard to
object in the appellate court to the incorporation of
such papers so made a part of his pleadings by reference
into the transcript of record.

[**2**]   In his brief here, defendant in error refuses to
discuss with plaintiff in error the question as to the suf-
ficiency of his answer to state a defense.   He stands solely
upon a question of practice, and contends that because
plaintiff in error took no exception to the judgment in
the lower court that he is precluded here from raising
any question as to the sufficiency of his answer to war-
rant the judgment, contending that under section 37, c.
43, Laws 1917, which provides:

"Exceptions to the decisions of the court upon any matter
of law arising during the progress of a cause must be taken
at the time of such decision and no exceptions shall be taken
in any appeal to any proceeding in a district court except such
as shall have been expressly decided in that court:   Provided,
that no exception shall be required to be reserved in the trial
of equity cases or cases before the court in which a jury has
been waived."

—the plaintiff in error is precluded from securing a review in this court. It is true this court has held in many cases that it will not examine a record, unless exceptions have been taken and the error complained of is called to the attention of the trial court. Neher v. Armijo, 11 N. M. 67, 66 Pac. 517; De Baca v. Wilcox, 11 N. M. 352, 68 Pac. 922; Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294. There is a well recognized exception to this rule, to the effect that the court will notice, without exception or presentation, jurisdictional and other matters which may render a case inherently and fatally defective and require reversal. This exception was stated in the cases above referred to, and also in the case of Good v. Loan Co., 16 N. M. 461, 117 Pac. 856, and in 3 C. J. p. 894, the general rule is stated, and on page 905 of the same work will be found an exception, which is that the question whether the pleadings support and warrant the judgment is one which arises on the record proper, and may be tested by writ of error or appeal from the judgment without any exception.

[3] Where a judgment is rendered on an answer which clearly fails to state facts sufficient to constitute a defense to a good complaint, we think such judgment is inherently and fatally defective, and that no exception to the rendition of the same is necessary. In addition, the demurrer tendered by plaintiff in error to two paragraphs of the answer setting up the affirmative defenses, which was attached to the motion for leave to file the same, pointed out the insufficiency of the answer, and was sufficient to call the court's attention thereto, so that the trial court was not led into error by silence on the part of the plaintiff.

Plaintiff in error asks that a judgment be rendered in this court for the amount claimed by him. This will not be done, because defendant in error might desire to amend his answer, and is entitled to a hearing upon the matters set forth in his cross complaint.

For the error committed by the court in entering

judgment upon the answer, the cause will be reversed and remanded to the district court, with instructions to set aside the judgment and to grant defendant leave to amend his answer; and it is so ordered.

PARKER, C. J., and HOLLOMAN, District Judge, concur.