## CRAWFORD et al. v. DILLARD.

(No. 2351.   March 24, 1920.)

(On Motion for Rehearing, July 2, 1920.)

(Second Motion for Rehearing Denied Aug. 9, 1920.)

### SYLLABUS BY THE COURT.

1.   Where argument of counsel is not germane to the proposition stated in the assignment, the effect is the same as though the assignment was not argued. Assignments not argued are abandoned.                                    P. 294

### ON MOTION FOR REHEARING.

2.   Where a judgment is inherently and fundamentally erroneous, this court has the power to consider the error, although presented for the first time on motion for rehearing.
P. 295

3.   Chapter 84, Laws 1913, held to have retrospectiv opration, and to award to the taxpayer the right to redeem from a tax sale had in 1912, for taxes of 1910, at any time within three years from the recording of the tax sale certificate. P. 296

4   Chapter 78,Laws 1915, and chapter 80, Laws 1917, interepreted, and held to have prospective operation only, and consequently to have no effect upon the right of redemption under chapter 84, Laws 1913.   Held, further, that a tax deed, issued in October, 1918, in pursuance of a tax sale certificate issued and recorded at the same time, for a tax sale had in 1912, for taxes in 1910, was unauthorized by any law of the state, and was void; the taxpayer, at that time, under those circumstances, having three years from said date within which to redeem.                                      P. 296

Appeal from District Court, Eddy County; Richardson, Judge.

Action to quiet title by Mrs. W. K. Dillard against A. J. Crawford and another. Judgment for plaintiff and defendants appeal.   Reversed on rehearing.

CHAS. H. JONES, of Carlsbad, and RENEHAN and GIL-
BERT, of Santa Fe, for appellants.

J. M. DILLARD, of Carlsbad, for appellee.

OPINION OF THE COURT.

PARKER, C. J.   This is an appeal from the district
court of Eddy county by A. J. Crawford and Minnie M.
Crawford from. a judgment quieting title to certain land
in the appellee, who is styled in the pleadings as ''Mrs.
W. K. Dillard.''   The complaint alleged in substance
that the appellee was the owner of the northeast quarter
of section 14, township 23 south, range 27 east N. M. P.
M., by virtue of the following tax proceedings: (1) Sale
of property for delinquent taxes of 1910, made. Novem-
ber 18, 1912; (2) certificate of sale issued October 11,
1918; (3) assignment of certificate of sale to appellee on
last-mentioned date; (4) recording of such certificate on
the last-mentioned date; and (5) tax deed from the
county on October 11, 1918.   From the complaint it ap-
pears that the sale was made in 1912 for the 1910 taxes,
but the certificate of sale·was not issued by the officer
making the sale, but by his successor six years after-
wards.   Not one word is mentioned in the complaint as
to the assessment of the property for taxation for the
year 1910, as to whether the assessment was in the name
of the rightful owner, unknown owners, or otherwise.

The appellants, by way of answer, denied appellee's
ownership of the property; admitted delivery of a tax
deed to the appellee, but alleged that the same was exe-
cuted without authority; denied a sale of the property
for delinquent taxes; and alleged that the certificate of
sale mentioned in the complaint was made without the
authority of law.   By way of new matter the appellants
alleged the following:

That they are the owners of said property and *are
and have been since 1911 in the possession thereof; that
since 1911 the property has been assessed in the name of
A. J. Crawford, who has paid all taxes and charges
thereon since that time; that the property was assessed
in the name of "unknown owners" in* 1910; that on

February 26, 1912, the southeast and southwest quarters of said quarter section were sold by the county for delinquent taxes of 1910, certificates issued to the county therefor, and recorded October 1, 1913; that said certificates were assigned to A. J. Crawford on October 14, 1918, and recorded on the same day; that A. J. Crawford on October 14, 1918, paid the taxes delinquent for the year 1910 upon the northeast and northwest quarters of said quarter section; *that in 1910 the said quarter section of land was assessed in the name of E. D. McKenzie (spl.); that the taxes for said year amounted to more than $25; that said property was sold by McKenzie to C. M. Richards in 1909, and McKenzie at the time of the assessment was without title to said property; that in fact there was no sale made of said property for the year 1910, and no certificates of sale issued or any record of sales made; that no order or judgment for the sale of said property was made for the year 1910; that Richards, the owner of said property, in June, 1909, applied to the United States, through the Department of the Interior, for a water right upon said land, which application was granted in said year;* that Richar⁻¹
to pay the assessment levied by the Department of the Interior, and on June 22, 1910, the land was sold at public auction to the Pecos Water Users' Association, *for the use and benefit of the United States, the title to such land being vested in the United States from May 16, 1911, when the certificate was assigned to A. J. Crawford; that said property was not redeemed by Ri⸱·ʰ⸱⸱⸳ ⁻¹· and the property was sold and deeded to A. J. Crawford by the United States, through the said water association; that by reason of such certificate and sale the title to the property was in the United States in 1910, and was therefore not subject to taxation; and that the taxes levied and assessed against the property in 1910 were illegal and void.*

The appellee demurred to such parts of the said answer by way of new matter as appear italicized herein on three grounds, viz.: (1) That the allegations were insufficient and do not constitute a defense to the action; (2) that said allegations were insufficient, because

they did not plead that the property was not subject to taxation, or that the taxes had been paid, the only two defenses permitted under section 25 of chapter 22, Laws 1899; and (3) that no fraud is charged against the treasurer in the execution of the tax deed to plaintiff. At the close of the case the demurrer was sustained by the court, but upon what ground the record does not show.

(1) The appellants' counsel argues here that the court erred in sustaining the demurrer to the paragraphs of the answer by way of new matter which are italicized above, and that is the only proposition before the court, because the remainder of the assignments of error depend upon the bill of exceptions, which has been stricken, or are abandoned because not argued.

The argument of counsel, for appellants that the court erred in sustaining the demurrer is not germane to the subject. The argument, in effect, is that appellee's tax deed was void, because it appears in the deed that it was based upon a certificate of sale issued in 1918 for a sale held in 1912 for delinquent taxes of 1910; that no certificate was issued by the treasurer who made the sale, and no book of sales was kept, and the certificate of sale was not offered for sale as required by chapter 134, Laws 1905. Counsel says that the successor of the treasurer who made the sale was without power to issue a tax sale certificate evidencing the sale of 1912 for the the 1910 taxes. Whether that be true or not, it has no bearing upon the action of the court in sustaining the demurrer to appellant's answer by way of new matter. Where argument of counsel under an assignment is not germane to the proposition stated in the assignment, the effect is the same as though the assignment was not argued. Assignments not argued are considered as abandoned.

Consequently there is nothing before the court, and the judgment of the district court will be affirmed; and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.

On Motion for Rehearing.

PARKER, C. J. The former opinion of the court in this case disposed of it upon a question of practice. The bill of exceptions having been stricken out, the facts of the case were not before us, except as they appeared from the findings of fac⸱ Many errors assigned and argued by the appellants were dependent upon the facts in the bill of exceptions. The only error of any importance argued by appellants we held was abandoned because the argument was not germane to the assignments.

Since the filing of the opinion a motion for rehearing has been filed, which presents the proposition that the judgment of the trial court is inherently defective and erroneous, and we are asked to consider the proposition, although it was not raised in the first instance. The power of the court to consider such questions, under circumstances like the present, was settled by the cases of State v. Garcia, 19 N. M. 421, 143 Pac. 1012, and De Baca v. Perea, 25 N. M. 442, 446, 184 Pac. 482, and we deem this case one calling for the exercise of that power by the court. The former opinion as before stated, was based entirely upon a practice question, and was correct. It is a question upon the merits which is now presented in the motion for rehearing, which we will proceed to discuss.

(2) The case was to quiet title to 160 acres of land. The tract was patented to E. D. McKenzie, in 1909, and in the same year sold to C. M. Richards, whose right of property therein continued until 1911, when any right he may have had therein became vested in A. J. Crawford, one of the appellants. In 1910 the property was doubly assessed for taxation. One assessment was made in the name of McKenzie, the former owner, and one in the name of "unknown owners." The last-mentioned assessment described and assessed the land in four separate tracts of 40 acres each. The taxes on both assessments became delinquent, and in February, 1912, the south half of the tract was sold at a tax sale to the county, under the assessment of "unknown owners." The certificate was issued to the county. In November,

1912, under the assessment to McKenzie, the entire tract was sold and stricken off to the county. Thus matters stood until October, 1918, when the appellee paid to the county the taxes, etc., due under the assessment to McKenzie, and the county treasurer then in office, who was not the same person in office when the 1912 sale was made, executed a certificate of sale to the county, assigned the same to appellee, and issued to her a deed for the premises, after the certificate of sale had been recorded. Query: Did the collector have any power to issue the tax certificate under the circumstances? See Pace v. Wight, 25 N. M. 276, 181 Pac. 430. It is under these facts that the appellee claims title.

The assessment was made in 1910, the sale in 1912, and the certificate to the county and tax deed in October, 1918. When, under such circumstances, does the period of redemption expire? The appellants contend that the period does not expire until 1921, and upon that premise it is contended that the treasurer was without power to issue the deed. The law governing redemption from tax sales, as it existed in 1910 and 1912, provided that the owner had three years from date of sale in which to redeem. Section 23, chapter 22, Laws 1899. Under that law the period of redemption would have expired in November, 1915; but, while the certificate of sale was owned by the county, the state extended the time by section 38 of chapter 84, Laws 1913 (section 5502, Code 1915), to three years from the date of recording the certificate of sale. In Pace v. Wight, 25 N. M. 276, 181 Pac. 430, and State v. Romero, 25 N. M. 290, 181 Pac. 435, we considered this statute, and it was held to have a retrospective operation in all cases where the certificates were held by the county at the date the act went into effect. Therefore, unless changed by subsequent legislation, the period of redemption in the case at bar does not expire until October, 1921, because the certificate of sale was not recorded until October, 1918.

(3-4) By chapter 78, Laws 1915, a slight change was made in the law. The act amended section 38 of chapter 84, Laws 1913, ''so as to read as follows.'' This

is the same section 38 heretofore mentioned, and of course it was repealed by the later act. The change made is merely to the effect that when a tax sale is made a certificate shall be issued to the purchaser, and when such certificate is afterwards sold, a duplicate certificate shall be issued to the purchaser thereof, and that in each case the owner may redeem within three years from the date of the certificate. The date of recording is eliminated entirely as an element to start time within which redemption may be made. Certain other provisions are added to the section, some of which were considered by us in State v. Romero, 22 N. M. 325, 161 Pac. 1103, but none of them has any application to the facts in this case. The provisions of this act are clearly prospective only in their operation. The act simply provides that, where property is sold for taxes, a certificate shall be issued to the purchaser, and the owner may redeem in three years from the date of such certificate, and when a tax certificate is sold a duplicate certificate shall be issued to the purchaser thereof, and the owner of the land may likewise redeem within three years from the date of such certificate. There is no subject-matter upon which the statute could operate, according to its terms, except tax sales or sales of tax certificates thereafter to be made. Nor is there any indication in the act of any legislative intent to have the same operate retrospectively, except those provisions heretofore mentioned, which extend to the taxpayers some concessions by way of remission of interest, costs, etc., if the taxes were paid within a certain time. These provisions, however, have no bearing in this case, as the parties took no advantage of them. The status, then, of the taxpayers, appellants, was undisturbed by any provisions of the act of 1915.

In 1917, by chapter 80, Laws 1917, the Legislature adopted a new and complete system, more nearly conforming to the act of 1899, for the collection of delinquent taxes. Among other things, it is provided, in section 10, that at the time of sale a certificate of sale shall be issued and delivered to the purchaser, and that the owner may redeem within three years from the date

of sale, and the county is declared to be a purchaser, within the meaning of the act. In case the county becomes a purchaser, the treasurer may sell the certificate at its face value with accrued interest, and if he can find no purchaser for the same before the next annual tax sale, he shall then sell it to the highest bidder, but at not less than 75 per cent. of the face value thereof, with interest, penalties, and costs. See section 12 of the act. This act, by its terms, does not purport to deal with tax sales had prior to its passage, and, on the other hand, its retrospective operation is expressly limited by section 18 as follows:

"Sec. 18. This act shall not be construed as effecting or as applicable to taxes heretofore assessed and which are delinquent at the time when this act takes effect, except that suit for the same may be brought and judgment thereon rendered in the manner provided by this act, but the validity of all such delinquent taxes shall be determined by the law in force at the time of the making of the assessment therefor."

But section 12, the only one in the act referring to the sale by the county of tax certificates, even without the limiting language of section 18, clearly speaks to the future only, by reason of the terms used.

We have, then, a case of a tax sale for taxes of 1910, had in 1912, at which time the owner had three years from the date of sale within which to redeem. In 1913, while the county was the owner of the tax certificate, if one was issued, or at least while the county was the purchaser at the tax sale, the owner's period of redemption was extended for three years after the recording of said certificate. So far as appears from the findings of the court, or so far as can be gleaned from the pleadings and record, this certificate of sale at the tax sale in 1912, for the taxes of 1910, was never issued until October 11, 1918, and was then recorded. In 1915 and 1917, acts were passed, which were not intended to and which did not affect the rights of the parties to this proceeding. On October 11, 1918, the collector issued to the county a tax sale certificate covering the lands in question, which was thereupon recorded, and was thereupon assigned to the appellee,

and a deed issued to her for the said premises. On this date the taxpayer, under the terms of the act of 1913, had the right to redeem the premises at any time within three years from the date of the recording of such tax sale certificate. Those rights were not impaired by any of the provisions of the acts of 1915 and 1917 heretofore mentioned.

This action of the collector in executing and delivering this tax deed, therefore, was clearly void and of no effect, and conveyed no title to the appellee. This procedure is not authorized by the act of 1917, as heretofore seen. It would not be authorized under either the act of 1915, even if applicable, or the act of 1913, because under the 1915 act the period of redemption was three years from the date of the certificate, and under the 1913 act the redemption period was three years from the recording of the certificate, and the only certificate contemplated to be issued to the purchaser from the county of the tax sale certificate under either of those acts is a duplicate certificate. The deed was not authorized under any law until after three years subsequent to the recording of the certificate, which was in October, 1918.

The question then is, not whether the Legislature could authorize such a deed under the circumstances, but whether it has authorized such a deed, and we hold that it has not. This conclusion precludes a discussion of a much more interesting question, viz. whether the Legislature has power at all to curtail the right of redemption of a taxpayer, and, if so, to what extent such right may be curtailed.

The appellants filed a cross-bill, and prayed for affirmative relief quieting their title against the appellee. The record, however, is in such condition as to prevent us from determining just what the rights of the appellants are as to title to the premises involved.

For the reasons stated, the judgment of the court below will be reversed, and this cause remanded, with

direction to dismiss the complaint of appellee; and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.