[No. 2494.    April 4, 1921.]

HAWKINS v. BERLIN.

[Rehearing Denied June 4, 1921.]

SYLLABUS BY THE COURT.

1. Where parties to a contract involving the sale of lands enter into a supplemental agreement whereby the seller obligates himself to obtain a release or satisfaction of a specified mortgage deed, he cannot, after failing to obtain such release, assert or plead in excuse or justification that such mortgage was void, and hence there existed no necessity for a release thereof.    P. 167

2. **Held,** that this is a suit by which appellee seeks to recover damages resulting from appellant's breach of contract, and that the rule that a party to a contract cannot rescind and cancel without placing or offering to place the opposite party in statu quo is not applicable.    P. 167

3. Assignments of error, not argued in the brief, will be regarded as abandoned or waived.    P. 168

Appeal from District Court, Quay County; Leib, Judge.

Suit by J. H. Hawkins against G. Berlin. Verdict and judgment for plaintiff, and defendant appeals. Affirmed.

H. H. McElroy, of El Paso, Tex., and R. A. Prentice, of Tucumcari, for appellant.

H. A. Kiker, of Raton, and E. F. Saxon, of Tucumcari, for appellee.

### OPINION OF THE COURT.

BRATTON, District Judge.   Appellee instituted this suit to recover damages in the sum of $1,627 alleged to have been sustained by him as the result of appellant's breach of a certain contract entered into between them, together with a subsequent modification thereof, whereby appellant agreed to sell to appellee certain lots situated in Obar, N. M., with a certain building thereon, and a stock of merchandise.   As a part of the purchase price therefor appellee executed 28 notes in the sum of $50 each, payable one each month, which were to be placed in escrow in the First National Bank of Tucumcari, with the provision that appellant's deed and abstract showing clear title should also be placed in said bank, and should be delivered to appellee when he had paid off all of such notes.   Later, and while this contract was in process of being carried out, and after appellee had paid 10 of these notes, he made a contract with one Roy Johnson whereby he agreed to sell said premises to Johnson at a profit of $200.   After this contract was made, appellee for the first time examined the abstract which appellant had furnished, and then objected to the title, by which objection he asserted there existed an unreleased mortgage deed covering said premises executed by New Mexico Land & Immigration Company to the Bank of Topeka, securing a note of $3,700. Immediately after this objection was made, appellant, appellee Johnson, and their respective at-

torneys had a conference at which this objection to the title was discussed, and it was there agreed that the appellant would obtain a release of such mortgage deed, and in consideration thereof appellee would pay to him $823 in cash in lieu of the 18 notes of $50 each which then remained unpaid, and in addition thereto Johnson agreed to pay him $25 in cash, whereupon appellee executed an order to the First National Bank of Tucumcari directing it to pay to appellant $823 when the abstract was approved by Johnson's attorney. This order was delivered to and kept by said attorney for about one month, and was then returned to appellee by mail. Up to the time this conference was held and this agreement had appellee had promptly paid the notes due appellant as they matured, but he paid none of the remaining notes.

About two months after the supplemental agreement was had with reference to the release of the mortgage deed, appellant took possession of the premises and placed some of his personal effects in the building, and when found there by appellee and asked why he was in such possession, he told and advised appellee that he had annulled the contract and taken possession of the building. The filing of tnis suit followed, by which appellee seeks to recover the damages which he claims to have suffered on account of appellant's breach of the contract. Appellant by cross-complaint sought to recover certain enumerated damages alleged to be due him. The trial court submitted to the jury only two elements of damages upon which appellee might recover, namely, the amount of money he had paid appellant on the purchase price of the property, and the loss of any profits he may have made by his sale to Johnson, which was never consummated on account of this mortgage. A verdict in favor of appellee for $729.75 was returned, judgment thereon rendered, from which this appeal was perfected.

[1] Appellant first contends that there was no defect in the title because the mortgage deed in question was void, and constituted no lien upon the premises nor defect in the title thereto, because it was executed by a corporation without the corporate seal being thereto attached; that the form of acknowledgment to such instrument did not comply in many respects with the statutes governing the same; that therefore it was not subject to record, nor should be considered even though placed on record. We think a determination of these questions of law is unnecessary to a decision of the case. It affirmatively appears from the pleadings and the evidence that, after appellee had examined the abstract and made objections to the title, appellant, for a valuable consideration, agreed and obligated himself to obtain a release of such mortgage, and after a breach of such agreement he will not be permitted nor heard to say that the mortgage was invalid, and hence no necessity for such release existed. This agreement to obtain such release constituted a special contract with respect to this particular phase of the title, and appellant was bound to perform its provisions without reference to the necessity for the same. Appellant pleaded that he had performed· such agreement by obtaining and recording such release, but he offered no evidence whatever to sustain such issue.

[2] By proper assignment of error appellant urges that appellee cannot rescind and cancel the contract without restoring or offering to restore to appellant everything received from him under the same; that a restoration of or offer to restore status quo is indispensable to the right to maintain such a suit, and that his inability so to do will not excuse him from such obligation; that, if he is unable to so restore, his remedy is to sue for damages. Conceding, but not deciding, this to be a correct statement of law, it can avail appellant nothing because· ap-

pellee did sue for damages alleged to have been sustained by him as the result of appellant's breach of the contract. This is not a suit to cancel and rescind the contract, but one to recover damages from a breach thereof. What we have here said fully disposes of the question last presented in appellant's brief, wherein he urges that, if appellant did threaten to rescind the contract and took possession of the premises under such circumstances as to constitute a trespass, such would not authorize appellee to rescind. A complete answer to this is that this is not a suit to cancel nor rescind.

The only remaining question presented by appellant is that neither the $500 item nor the $200 item for which the jury returned a verdict for appellee resulted from the failure of appellant to secure or obtain the release of the mortgage, because it does not appear from the evidence that Johnson refused to consummate his contract with appellee because of the existence of such mortgage. With this contention we do not agree. We think it satisfactorily appears that the appellant's failure to obtain such release was the cause of Johnson failing to perform his contract and accept the premises.

[3] Other questions are presented by the assignments of error, but they are not otherwise presented by appellant in his brief. This court has repeatedly held that matters presented by the assignments of error and not followed up and argued in the appellant's brief will be deemed to have been abandoned or waived by him. Riverside Sand & Cement Co. v. Hardwick, 16 N. M. 479, 120 Pac. 323; Brobst v. E. P. & S. W. Ry. Co., 19 N. M. 609, 145 Pac. 258; Clark v. Queen Insurance Co., 22 N. M. 368, 163 Pac. 371.

Failing to find any reversible error in the record, the judgment will be affirmed; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.