(No. 2477.   Oct. 31, 1921.)

## ARMSTRONG v. CONCKLIN

(Rehearing Denied Jan. 16, 1922.)

### SYLLABUS BY THE COURT.

(1)   Where the transcript of records shows that an amended answer was filed on a given date, and that thereafter, and after the expiration of 20 days, no reply had been filed, and defendant filed a motion asking that the new matter in the answer be taken as confessed for want of a reply, which motion was overruled by the court, it will be presumed, in the absence of a showing to the contrary, that the trial court found that the answer had not been served upon counsel

for plaintiff at the time the answer was filed in the clerk's office and that the plaintiff was not in default.'          P. 553

(2)   Questions not raised in the assignment of error will not be considered on appeal.                     P. 553

(3)   The erroneous admission of testimony will afford no grounds for reversal in a case tried by the court, unless it appears that the court considers such testimony in deciding the case.                                   ˙ P. 554

(4)   Where the findings made by a trial court are supported by substantial evidence where the court heard the witnesses, such findings will not be disturbed on appeal.      . P. 554.

Appeal from District Court, Colfax County; Leib, Judge.

Suit by Harriet S. Armstrong against Walter W. Concklin. Decree for plaintiff,. and defendant appeals. Affirmed.

J. Leahy, of·Raton, for appellant.

W. R. Holly, of Springer, for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.   Appellee sued appellant for partition of certain real estate located in Colfax county, N. M.   Appellant and appellee were brother and sister, and the only heirs of Isaac Concklin, their father, who died intestate August 8, 1907.   In February, 1907, the father filed a homestead claim on the land in controversy, which consisted of 160 acres.   After his death the son made final proof, in such cases necessary under the homestead law, and the patent was issued to the heirs of Isaac Concklin.   An answer in the partition proceedings was filed by the appellant, which does not appear in the transcript. Thereafter on the 30th day of June, 1917, there was filed a first amended answer, which set up the proceedings taken to acquire title to the land by the father and the subsequent proceedings leading up to the patent, and further denied that the

appellee had any interest in or claim to the real estate in question because of the fact that she had sold her interest in the land to the appellant for $500, which money had been paid in full by appellant, and that after the payment of the money the appellee had refused to make a deed.

Thereafter on the 23d day of July, 1917, appellant filed a motion asking that the new matter set up in the answer be taken as confessed, because no reply had been filed thereto. On the 24th of July thereafter appellee filed a motion to make the answer more definite and also a motion to strike certain portions of the said amended answer. The court overruled the motion filed by the appellant asking that the new matter be taken as confessed, and sustained the motion to strike certain portions of the amended answer. Thereafter appellant filed a second amended answer in which he set forth substantially the same matters pleaded in the first amended answer, in more detail, however. To this a reply was filed denying the new matter set up.

On the trial appellant proved that he had paid to appellee the sum of $500, but there was no written evidence to show for what purpose. His testimony was to the effect that it was in payment of the sister's interest in the homestead claim. The sister contended that the father had advanced to the son the sum of $2,800 for the purpose of enabling the son to buy a farm in Colfax county near the homestead in question, and that the $500 paid was in lieu of the sister's interest in the farm so purchased. It appeared that the father had given certain property in Missouri to the sister at about the time he had advanced the $2,800 to the son. In his testimony the appellant admitted that he had promised the sister of his own free will that when he sold the farm he would give her part of the proceeds, but

denied that the $500 was a carrying out of the promise.

The court after hearing the evidence found in favor of the appellee and decreed partition of the homestead claim in question. To review the judgment this appeal is prosecuted.

[1] The first question argued is that error was committed by the court in overruling the motion of appellant asking that the new matter in his answer be taken as confessed for want of reply. Section 4120, Code 1915, provides that if the answer contains a statement of new matter and the plaintiff fails to reply or demur thereto within the time prescribed by law, the defendant shall have such judgment as he is entitled to upon such statement. Section 4122, Code 1915, provides that every pleading subsequent to the complaint shall be filed and served within 20 days after service of the pleading to which it is an answer, demurrer, or reply. While the record shows that the answer was filed on June 30, 1917, and the motion was filed on the 23d day of July thereafter, and no reply or other pleading had been filed by the appellee at that time, it does not show when such amended answer was served upon counsel for appellee. This being so, the presumption would be indulged that it was made to appear satisfactorily to the trial court that the pleading had not been served upon counsel for appellee 20 days prior to the filing of such motion. This being true, the record does not show that the appellee was in default.

[2] Appellant next argues that the court was in error in striking out certain portions of his first amended answer; but this action of the court was not assigned as error consequently is not subject to review. Questions not raised by the assignments of

error will not be considered.   Trujillo v. Tucker, 24 N. M. 339, 171 Pac. 788.

[3]   It is argued that the court was in error in not striking out certain portions of the testimony of the appellee touching the purchase and ownership of the land bought by the appellant with money furnished by the father.   This case was tried by the court without a jury, and the presumption would be indulged, if the testimony was improperly admitted, that in deciding the case the court did not consider it, where there was other competent evidence warranting the finding and judgment.

"The erroneous admission of testimony will afford no ground for reversal unless it appears that the court considered such testimony in deciding the case."   Halford Ditch Co. v. Independent Ditch Co., 22 N. M. 169, 159, Pac. 861, Crawford v. Gurley 23 N. M. 659, 170 Pac. 736; Grissom v. Grissom, 25 N. M. 518, 185 Pac. 64

Complaint is also made that the court was in error in not permitting the appellant to prove certain items of expense which he had incurred prior to the making of the entry by the father; but these items were not included in the pleadings, consequently were properly excluded.   Other proffered evidence was excluded by the court, one item being a letter written by a lawyer in Idaho, who claimed to represent the appellee; but this letter was properly excluded because there was no showing that the relation of attorney and client existed between the appellee and such attorney, or that he was authorized by her to write the letter.   In addition, there was nothing in the letter that was inconsistent with the claim made by appellee on the trial.

[4]   The remaining assignments of error are predicated upon the findings of fact made by the trial court and the conclusions of law, all of which were adverse to appellant's contention.   The propriety of the findings made and the findings refused depend-

ed upon the view of the facts which the court took. The court elected to believe the testimony of the appellee and that the $500 paid was not for her interest in the homestead claim, but was money which the appellant had paid to her for her supposed interest in the farm purchased by the appellant with money advanced by the father. There was substantial evidence supporting the findings made, and, this being true, they will not be disturbed by this court.

Finding no error in the record, the judgment will be affirmed, and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.