[No. 2809.  Sept. 8, 1924.  Rehearing Denied
Nov. 28, 1924]

# CANDELARIA v. GUTIERREZ et al.

## SYLLABUS BY THE COURT

1. Generally , propositions of law not presented to the trial court cannot. be decided on appeal.

2. The three exceptions to this general doctrine are: That jurisdictional questions may be raised here for the first time; questions of a general public nature affecting the interests of the state at large may be determined without having been raised below; and we will determine questions not presented below, where it is necessary to do so, in order to protect the fundamental rights of a party.

3. The remoteness of damages does not come within either of these exceptions, and, consequently, must be  properly raised below in order to be reviewable on appeal.

4. Assignments of error not argued in the briefs will be considered as abandoned.

5. An instruction that no person shall have a lien upon or the right to hold possession of any domestic animals on accout of any trespas s by them, unless the lands trespassed upon be inclosed with a legal fence, is proper, where the defendants seeks to show in mitigation or justification that the difficulty, which resulted in personal injuries to the plaintiff, arose on account of the  plaintiff  seeking  to  separate and drive certain animals from a herd then being held by the defendants upon open and unfenced range to which they had the right of possession.

6.. Record reviewed and judgment **held** not excessive.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Luis Candelaria against Maximiano Gutierrez and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Rodey & Rodey, of Albuquerque, for appellants.

Renehan & Gilbert, of Santa Fe, for appellee.

### OPINION OF THE COURT

BRATTON, J.  This .is an appeal from a judgment against the appellants in the sum of $5,143, following a verdict of the jury in that sum for damages suffered

as the result of personal injuries inflicted upon the appellee during a difficulty in which appellants beat, bruised, and wounded him by striking him several times on the head with pistols, and by shooting him through the' right lung; the bullet entering just below the nipple, passing through the body, and being extracted just under the skin at the back. As elements of actual damages, he pleaded his pain, anguish, and suffering, his outlay of money for care and attention, and his permanent injury and partial incapacity, as well as loss of cattle by reason of their straying away and becoming lost as a consequence of his not being able to care for and attend to them. In addition to actual, he prayed for punitive, damages; the total sum sought being $15,000. A motion to dismiss the appeal was denied; the opinion thereon being reported at 28 N. M. 434, 213 Pac. 1037.

[**1**]  1. It is vigorously argued by the appellants that the court erred in admitting evidence tending to establish the loss of 18 head of cattle, and in submitting that issue to the jury, contending that such damages were not such as could have been reasonably contemplated by the appellants at the time of the difficulty in question, and hence were too remote. Unfortunately, the record is in such condition that we cannot determine this question upon its merits. The first time it was urged before the trial court was while the appellee was testifying. His counsel propounded to him the following question:

"How many cattle did you have under your control or in your possession at that time?"

The objection then urged by counsel for appellants was that the testimony was immaterial, and that the next question would be whether or not, as a consequence of his injury, he lost any of such cattle, such loss being too remote. This question alone could in no wise injure appellants and could afford no ground for any recovery against them. It was merely a preliminary one, and whether he had any cattle was, of

itself, an incidental and immaterial subject. It was the loss of those cattle, as a consequence of the injury, that affected the appellants injuriously and not the preliminary question with reference to the number he then had in his possession. And, of course, the objection with reference to what the next questoin would be was not well taken because the court could not anticipate what the succeeding question would be, and could not, in the very nature of things, have sustained this part of the objection. Nothing further was said with reference to this matter until after 'the appellee had detailed the number of cattle he had, the care he gave them prior to his injury, the time he lost on that account, and the number lost. The appellants' counsel objected to all of said testimony and moved to strike it out on account of its remoteness. This motion was addressed to the discretion of the trial court. We have several times held that counsel cannot sit by and allow testimony to be received and then predicate error upon the refusal of the court to strike it out. State v. Kidd, 24 N. M. 572, 175 Pac. 722; State v. Alford, 26 N. M. 1, 187 Pac. 720; State v. Lazarovich, 27 N. M. 282, 200 Pac. 422; State v. Anaya, 28 N. M. 283, 210 Pac. 567; State v. Snyder, 30 N. M. 40, 227 Pac. 613, and State v. Ward et al, 30 N. M. 111, 288 Pac. 180· The question was next presented by appellants' requested instruction No. 5, which is in the following language:

[3] "The court instructs you that the measure of damages for a wrongful assault and battery, if in fact one was committed without justification by the defendants, is a liability for all the natural and proximate consequences thereof, but the court further instructs you that the damages claimed by the plaintiff as to loss of cattle which he claims to have had at or prior to the time of the alleged assault, is in law too remote; there being no evidence in the case that the loss of such cattle was the natural and proximate consequence of the alleged assault."

[2] It will be observed that this instruction is twofold in character. In the first part, it undertakes to limit the damages recoverable to compensation for the natural and proximate consequences of the in-

juries—actual damages—and then to expressly re-
move from the consideration of the jury the loss of
cattle as an element of such damages. The first part
of the instruction was incorrect because it failed to
include or permit the jury to consider the question
of punitive damages. These were expressly sought
upon the theory that the injuries were willfully and
maliciously inflicted, and indeed the record contains
evidence which strongly establishes this fact, and, con-
sequently, the court had the right to submit that
issue to the jury, which the requested instruction failed
to do. There was therefore no error in denying it; so
the error now complained of was never presented to
the lower court in such form to be saved for review
here, and it is such an error as must have been proper-
ly presented there. The general doctrine has been
repeatedly declared that propositions of law not raised
in the trial court cannot be considered here. Three
specific exceptions to this rule have been announced,
viz.: That jurisdictional questions may be raised for
the first time here; that questions of a general public
nature affecting the interests of the state at large
may be determined upon appeal without having been
raised in the lower court; and that we will determine
propositions not raised below, where it is necessary
to do so in order to protect the fundamental rights
of a party. Sais v. City Electric Co., 26 N. M. 66, 188
Pac. 1110; Collins v. Unknown Heirs, 29 N. M. 140, 219
Pac. 491. Obviously, this is not one of the exceptions
to the general doctrine, and, consequently, the question
is not reviewable.

[4] 2. Assignments of error numbered 2 and 4
are not followed up and argued in appellants' brief,
but are disposed of with the statement that they argue
themselves. This will not do, as the settled rule here
is that assignments of error not pursued and argued in
the briefs will be considered as abandoned. River-
side Sand & Cement Mfg. Co. v. Hardwick, 16 N. M.
479, 120 Pac. 323; Brobst v. E. P. & S. W. Ry. Co., 19
N. M. 609, 145 Pac. 258; Clark v. Queen Ins. Co., 22 N.
M. 368, 163 Pac. 371; Klasner v. Klasner, 23 N. M.

627, 170 Pac. 745; Makemson v. Dillon et al., 24 N.
M. 302, 171 Pac. 673; Alvarado Min. & Mill Co. v.
Warnock, 25 N. M. 694, 187 Pac· 542; Crawford v·
Dillard, 26 N. M. 294, 191 Pac. 513; Walters v.
Walters, 26 N. M. 22, 188 Pac. 1105; Hawkins v. Ber-
lin, 27 N. M. 164, 201 Pac. 1105; Hawkins v. Berlin,
27 N. M. 164, 201 Pac. 108; Terry et ux. v. Hum-
phreys et al., 27 N. M. 564, 203 Pac. 539.

[5] 3. Error is assigned upon the court's giv-
ing the following instruction to the jury;

"It is provided by statute of this state that no person shall
have a lien upon, or right to retain possession of, any animals
which may trespass upon his lands, unless such lands be
inclosed by a fence of not less than four wires, well stretch-
ed and firmly fastened to posts; and this statute the de-
fendants were presumed to have known at the time of the
shooting."

This instruction was intended to state the substance
of sections 2340-2342, Code 1915. The exception and
the entire argument is that it injected a false issue
into the case, as no lien was claimed upon any cattle.
The entire evidence shows that the trouble between
these parties, which resulted in the injuries to the
appellee, arose when he· undertook to cut out or separ-
ate an animal or some animals from a herd that the ap-
pellents then had in their custody upon a tract of
land which one of them claimed to have the right of
possession to. There is a conflict with reference to
the animal or animals appellee was endeavoring to
cut out. He and his witnesses claim he was endeavor-
ing to cut out one head belonging to himself and one
belonging to Natividad Gutierrez, for whom he was
then working, while appellants and their witnesses say
that he was endeavoring to cut out some belonging to
Adolph Vohs. Much emphasis was laid by the ap-
pellant throughout· the trial upon the fact that appel-
lee rode into this herd and started cutting out this
animal or these animals without first securing permis-
sion of the appellants to do so, thus endeavoring to
leave the impression that he should have secured

permission before entering the herd. This contention was apparently made in mitigation or justification, and it was therefore proper for the court to inform the jury that appellants had no lien upon the cattle, appellee was trying to separate from the herd which entitled them to hold possession of such animals, and that, consequently, if said stock belonged to appellee or his employer, he had the right to cut them out and take possession of them, if he could do so peaceably. Otherwise, the jury might have believed appellants were entitled to hold possession of them by reason of some lien arising from their being upon land in the possession of appellants.

[6] 4. It is further said that the verdict of the jury and the judgment thereon are excessive. We are unable to agree with this. There is evidence showing that appellee was shot clear through the chest, the bullet passing entirely through the lung; that he can no longer resort to his former occupation, a cowboy; that he can ride horseback for a day, and then is sore and suffers with pain for several days; that he suffers from time to time with pains in his chest and in the region of his neck. It thus appearing that he is permanently injured and perhaps partially incapacitated for the remainder of his life, we are unable to say, as a matter of law, that the sum awarded him is excessive.

There is no reversible error in the record. The judgment must therefore be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.

On Motion for Rehearing.

PARKER, C. J. A motion for rehearing has been filed, urging upon us the consideration that we were in error in holding that the question of remote damages was not properly raised in the court below, so as to be available here. The proposition was carefully considered in our opinion, and for that reason it need

not be again discussed. However, a brief restatement may not be amiss.

Counsel argues that the question was first presented by a motion to strike that portion of the complaint alleging damages for loss of cattle, which motion was embodied in the answer of appellants. This is not available for the reason that it was not called to the attention of the court below, and no ruling thereon was invoked, if, indeed, being embodied in the answer, it was not so out of place as to be unavailable in any event. The objection to the evidence in support of the allegation of loss of cattle was not in proper form; it being interposed to a preliminary question, and not renewed to the actual evidence when introduced. The motion to strike the evidence is not available because appellants had no absolute right to have it stricken, after allowing it to go in without objection. The request for instruction to the jury was erroneous, and was properly refused, and no exception was saved to the giving of the instruction in which the alleged erroneous measure of damages was submitted to the jury. Under such circumstances no error can be assigned here.

The errors assigned in the motion for a new trial for the first time are not available, where the errors were not saved during the trial. During the trial it appeared from the testimony of the appellee himself that he did not own the cattle, and consequently had no right to recover for their loss. No motion was made, however, to withdraw from the jury all of the evidence as to the loss of cattle, nor was the court requested to instruct the jury to that effect. The point is therefore not available.

We have thus, unnecessarily perhaps, again gone over the whole case, and find nothing calling for a departure from our former opinion. The motion for a rehearing should therefore be denied; and it is so ordered.

BOTTS and FORT, JJ., concur.