192 P.2d 553

THWAITS v. KENNECOTT COPPER CORPORATION, CHINO MINES DIVISION.

No. 4990.

Supreme Court of New Mexico.

April 14, 1948.

J. B. Newell, of Las Cruces, for appellant.

Woodbury & Shantz, of Silver City, for appellee.

Caswell S. Neal, of Carlsbad, amicus curiae.

PER CURIAM.

The original opinion is withdrawn on Motion for Rehearing and the following substituted:

BRICE, Chief Justice.

The appellant, widow of a workman accidentally killed in the course of his employ--

ment, filed her claim for compensation in the district court, which, upon motion of appellee, was dismissed because "It fails to state a claim under the Workmen's Compensation Act of New Mexico upon which relief can be granted."

The alleged grounds for compensation are as follows:

"The undersigned hereby asks judgment for compensation under the Workmen's Compensation Act of New Mexico, for the death of her husband Eugene Bostick Thwaits, who was injured on November 14th, 1944, while working as a brakeman upon an ore train of the defendant corporation, and who died as a result of said injuries on the following day, to-wit: November 15, 1944;

"That at the time of receiving said injuries the decedent was receiving average weekly earnings of $60.00; that at the time of his death he had dependent upon him your claimant and three minor children then living with decedent and this claimant.

"That under the provisions of Sec. 57-918 N.M.Statutes Ann.1941, Sub-sec. 5 of Sub-sec. (2) (a), the claimant being the surviving widow with three dependent children would be entitled to receive $33.00 per week; that said defendant company has been paying to claimant the sum of $18 per week, asserting that said amount is the maximum to be paid under the statute applicable to the instant case; that by agree-

ment between respective counsel said amount is being paid and received without prejudice to claimant's right to litigate this question.

"Plaintiff states that at the time her husband was injured he was riding on the rear platform of a caboose on said ore train; that said platform was not equipped with reasonable safety devices consisting of guard rails to prevent employees from falling or slipping off the said platforms; and as this claimant is informed and believes and upon such information and belief states the fact to be that the injury to her husband was the direct result of the failure of said Company to provide such safety device. That said Company since said accident has installed such safety devices upon caboose cars of the kind which decedent was riding at the time he received his fatal injuries.

"That should the court find that said defendant company was negligent in failing to provide proper safety devices as hereinabove alleged and that such failure caused the death of the decedent, then claimant would be entitled to an increase of 50% in the compensation payable to decedent's dependents."

The grounds alleged for dismissal are as follows:

"That it does not appear from said claim that the death of the workman Eugene Bostick Thwaits, resulted from the failure

of the employer to provide safety devices required by law or that the death of said workman resulted from the negligence of the employer in failing to supply reasonable safety devices in general use in the industry for the use or protection of the workman.

"That it appears from said claim that defendant has, since the date of the death of said workman, been paying to plaintiff the sum of Eighteen Dollars ($18.00) per week, the maximum amount required to be paid under the Workmen's Compensation Act of New Mexico."

The Court sustained the motion to dismiss upon each ground stated.

The question presented in the briefs of the parties is whether the appellant is entitled to $18 per week for three hundred weeks, as the Court concluded, or $33 per week for that number of weeks, as appellant asserts.

The following statutes bear upon the question:

"(a) * * *

"In case death proximately results from the injury within the period of one [1] year, compensation shall be in the amounts and to the persons as follows:

"(1) If there be no dependents, the compensation shall be limited to the funeral expenses not to exceed one hundred and fifty dollars ($150.00) and the expenses provided for medical and hospital services for deceased, together with such other sums as deceased may have paid for disability.

"(2) If there are dependents at the time of the death, the payment shall consist of not to exceed one hundred and fifty dollars ($150.00) for funeral expenses and the percentage hereinafter specified of the average weekly earnings, subject to the limitations of this act, to continue for the period of three hundred [300] weeks from the date of injury of such workman; Provided that the total death compensation payable in any of the cases hereinafter mentioned, *unless otherwise specified,* shall not be less than ten ($10.00) dollars per week nor more than eighteen ($18.00) dollars per week.

"If there be dependents entitled thereto, such compensation shall be paid to such dependents or to the person appointed by the court to receive the same for the benefit of such dependents * * * to be computed on the following basis, and distributed to the following persons:

"1. To the child or children, if there be no widow or widower entitled to compensation, twenty-five [25] per centum of earnings of deceased, with ten [10] per centum additional for each child in excess of two [2] with a maximum of sixty [60] per centum, to be paid to their guardian.

"2. To the widow or widower, if there be no children, forty [40] per centum of earnings, not to exceed a *maximum com-*

*pensation of sixteen dollars ($16.00) per week.*

"3. To the widow or widower, if there be one child, forty-five [45] per centum of earnings.

"4. To the widow or widower, if there be two [2] children, fifty [50] per centum of earnings.

"5. To the widow or widower, if there be three [3] children, fifty-five [55] per centum of earnings.

"6. To the widow or widower, if there be four [4] or more children, sixty [60] per centum of earnings. * * *" (Our emphasis.) Sec. 57-918 N.M.Sts.1941.

The proviso in Sec. 57-918(a) (2), as follows, "Provided that the total death compensation payable in any of the cases *hereinafter mentioned,* unless otherwise specified, shall not be less than ten ($10.00) dollars per week nor more than eighteen ($18) dollars per week," determines this question against appellant. It is *otherwise specified* in Sec. 2 following that the widow, or widower if there be no children is entitled to a maximum compensation of $16 per week. The proviso, therefore, does not apply to this paragraph, but as it is not *"otherwise specified"* in paragraphs 3, 4, 5 and 6, to these paragraphs the proviso does apply.

The trial court was correct in holding that the appellant and three children are en-titled to normal compensation at the rate of $18 per week for 300 weeks.

The charge that the deceased at the time of his injury was riding on the rear platform of a caboose on an ore train not equipped with reasonable safety devices, consisting of guard rails to prevent employees from falling or slipping off the platform, and that his death was the direct result of such failure to provide such safety device, was the second ground for appellant's claim of compensation.

The statutes of New Mexico applicable to this claim for compensation are the following:

" * * * In case an injury to, or death of, a workman results from the failure of the employer to provide the safety devices required by law, or in any industry in which safety devices are not provided by statute, if an injury to, or death of, a workman results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the workman, then the compensation otherwise payable under this act shall be increased by fifty per centum (50%). Provided further, that any additional liability resulting from any such negligence on the part of the employer shall be recoverable from the employer only and not from the insurer, guarantor or sureties of said employer under this act except that this shall not be construed to prohibit employers from

insuring against such additional liability." N.M.Sts.1941, Sec. 57-907.

The injured workman's compensation is increased fifty per cent if his injury results (1) from the failure of the employer to provide the safety devices required by law, and (2) or from the negligence of the employer "in failing to supply reasonable safety devices in general use for the use or protection of the workman," if in any industry safety devices are not provided by statute.

The first question is whether guard rails around the platform of a caboose attached to a train of ore cars, to prevent employees from falling off, is a safety device required by law.

The New Mexico mining laws in question were enacted in 1933. Following Sec. 67-2001, supra, a statute in general terms requiring safety devices, are many provisions requiring the use of specific safety devices, methods, and processes to safeguard mine employees against injury or death; among which is the following:

"All fly wheels, gears, belts, and all exposed moving machinery parts that are liable to cause injury, or dangerous parts of machinery used in and about a mine shall be appropriately guarded to prevent injuries to attendants or other persons. Stairs, *platforms*, and dangerous walks in or about the mine shall be provided with *rails*, fences, and gates." (Our emphasis) Sec. 67-2816, N.M.Sts.1941.

The word "rails" is defined in Webster's International Dictionary as follows:

"A bar of timber or metal extending from one post or support to another, as a guard or barrier, as in fences, balustrades, staircases, etc. * * *. A construction of bars or posts, a fence, etc."

According to the claim filed by plaintiff, the workman, who was her husband, was riding on the rear *platform* of a caboose attached to an ore train, which was not equipped with reasonable safety devices, consisting of guard rails, to prevent employees from falling or slipping off the platform; and that his injury and death were the direct results of the failure of the company to provide such safety devices.

The question is whether the word "platforms" as used in the statute quoted includes a platform on a caboose attached to an ore train that is being operated "in or about a mine." The statute does not limit the word "platforms" to any particular kind, such as stationary ones; but it necessarily applies to any structure known as a platform in use in or about a mine on which workmen must necessarily go in the performance of their labors.

Indeed, the platform of a caboose without guard rails, attached to a moving

train, is a much more dangerous place to be or work than is a stationary one. It would be an unreasonable construction of this statute to say that the word "platforms" should not include the platform in question. We are of the opinion that the specific provision of the statute quoted applies to the platform of a caboose attached to an ore train then being operated in or about the appellant's mine in connection with its mining operations.

It was held in Janney v. Fullroe, 47 N.M. 423, 144 P.2d 145, that a violation of this section of the statute by the employer, which resulted in an injury to a workman, entitled the latter to the fifty per cent additional compensation provided by law. See Sec. 57-907, supra.

The employer had failed to properly guard exposed gears of machinery in which the workman's arm was caught and injured.

The allegations in the claim regarding the cause and manner of the death of the workman bring the case within the purview of Sec. 57-907 and Sec. 67-2816, supra; and if proven will entitle the claimant to the fifty per cent additional compensation provided by the former statute.

While this part of the claim was presented to the district court, and denied by it, and the court's action thereon assigned as error, it is not argued in appellant's brief, and was therefore abandoned. Candelaria v. Gutierrez, 30 N.M. 195, 230 P. 436. But this court is not without jurisdiction to review the question, and may do so in its discretion and on its own motion, if the judgment of the trial court is inherently and fatally defective.

We stated in Baca v. Perea, 25 N.M. 442, 184 P. 482, 484:

"* * * It is true this court has held in many cases that it will not examine a record, unless exceptions have been taken and the error complained of is called to the attention of the trial court. Neher v. Armijo, 11 N.M. 67, 66 P. 517; De Baca v. Wilcox, 11 N.M. [346], 352, 68 P. 922; Fullen v. Fullen, 21 N.M. 212, 153 P. 294. There is a well-recognized exception to this rule, to the effect that the court will notice, without exception or presentation, jurisdictional and other matters which may render a case inherently and fatally defective and require reversal. This exception was stated in the cases above referred to, and also in the case of Goode v. [Colorado Inv.] Loan Co., 16 N.M. 461, 117 P. 856, and in 3 C.J. p. 894, the general rule is stated, and on page 905 of the same work will be found an exception, which is that the question whether the pleadings support and warrant the judgment is one which arises on the record proper, and may be tested by writ of error or appeal from the judgment without any exception.

"Where a judgment is rendered on an answer which clearly fails to state facts sufficient to constitute a defense to a good complaint, we think such judgment is inherently and fatally defective, and that no exception to the rendition of the same is necessary."

In State ex rel. Burg v. City of Albuquerque et al., 31 N.M. 576, 249 P. 242, 248, we said:

"Ordinarily this court will not review a question not raised in the court below (State v. Ellison, 19 N.M. 428, 144 P. 10), or presented to the Supreme Court by assignment of error (Weggs et al. v. Kreugel et al., 28 N.M. 24, 205 P. 730); or one not argued or presented in the briefs of the parties (Hawkins v. Berlin, 27 N.M. 164, 201 P. 108; Armstrong v. Concklin, 27 N. M. 550, 202 P. 985), or a new and original question raised on motion for a rehearing (Ellis v. Citizens' Nat. Bank, 25 N.M. 319, 193 P. 34, 6 A.L.R. 166), except in a case where the judgment of the district court is inherently and fundamentally erroneous (Baca v. Perea, 25 N.M. [at page] 443, 184 P. 482; Crawford v. Dillard, 26 N.M. 291, 191 P. 513)."

Also see: Schaefer v. Whitson, 32 N.M. 481, 259 P. 618; Jaffa v. Lopez (on rehearing), 38 N.M. 290, 31 P.2d 988; State v. Garcia, 19 N.M. 414, 143 P. 1012; State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527; Kemp v. Williams, 30 N.M. 299, 232 P. 1078; Springer Ditch Co. v. Wright, 31 N.M. 457, 247 P. 270.

In Baca v. Perea, supra, we held that a judgment rendered on an answer to a good complaint, that did not state facts that constituted a defense, was inherently and fatally defective. In the case before us a judgment was entered dismissing a good complaint upon a motion that stated no grounds for dismissal. There is no substantial difference between the two cases.

The ends of justice require us to pass upon the question, though not presented in appellant's brief.

We are of the opinion that the trial court erred in sustaining appellee's motion to dismiss, and that the judgment entered was inherently and fatally defective.

The cause is reversed and remanded with instructions to the district court to set aside its judgment, reinstate the cause upon its docket, overrule appellee's motion to dismiss and proceed with a consideration thereof not inconsistent herewith.

It is so ordered.

LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.