642 P.2d 1091

NEW MEXICO DEPARTMENT OF HUMAN SERVICES, INCOME SUPPORT DIVISION, Petitioner,

v.

Aurora TAPIA, Respondent.

No. 13815.

Supreme Court of New Mexico.

March 12, 1982.

Rehearing denied March 25, 1982.

Jeff Bingaman, Atty. Gen., Richard Shapiro, Asst. Atty. Gen., Santa Fe, for petitioner.

Manuel J. Lopez, Las Cruces, for respondent.

## OPINION

PAYNE, Justice.

We granted certiorari to determine whether the Court of Appeals applied the proper scope of review in reversing the decision of the New Mexico Department of Human Services (DHS). We hold it did not and therefore reverse. We also considered whether the Court of Appeals improperly decided questions which were neither raised at the hearing nor argued on appeal. We conclude that these questions were improperly decided.

### I.

Aurora Tapia filed a request for a "fair hearing" under Section 27–3–3, N.M.S.A. 1978, following receipt of an advance notice of termination of financial and medical assistance. A hearing was held before a fair hearing officer of DHS who recommended to the division director that Dona Ana County be found to have acted correctly in terminating benefits. Two members of a Fair Hearing Review Committee concurred in the hearing officer's recommendation. The division director, through a subordinate, decided in favor of DHS. Tapia appealed to the Court of Appeals, which reversed, holding that DHS had not met its burden of proving Tapia's capacity to fulfill her normal function of parental support as a homemaker.

The question presented is the proper scope of review applicable to appeals from decisions of the director of the income support division or the social services division of DHS. Section 27–3–4(F), N.M.S.A.1978, states that:

The court shall set aside a decision and order of the director only if found to be:

(1) arbitrary, capricious or an abuse of discretion;

(2) not supported by substantial evidence in the record as a whole; or

(3) otherwise not in accordance with law.

■ In reviewing an administrative decision, the courts must view the evidence in the light most favorable to the decision. *New Mexico Human Services Depart. v. Garcia*, 94 N.M. 175, 608 P.2d 151 (1980); *United Veterans Organizations v. New Mexico Property Appraisal Department*, 84 N.M. 114, 500 P.2d 199 (Ct.App.1972). The record as a whole contains substantial evidence supporting the administrative decision in the Tapia case.

■ In holding that Tapia had been denied a fair hearing, the Court of Appeals relied on certain medical reports included in the record which indicated that Tapia suffered from hypertension, diabetes, and other medical problems. One medical report indicated that her activities must be limited to light physical exertion and that regular employment is not possible. However, prior to the hearing, the Incapacity Review Unit (IRU) of DHS reported that despite Tapia's health problems, she was capable of functioning in her usual role as homemaker. This report constitutes substantial evidence sufficient to support the final decision.

The Court of Appeals erroneously ignored the IRU report. Although Tapia originally questioned whether DHS had performed the necessary fieldwork to support its conclusions, she withdrew the issue by stipulation.

Accordingly, the decision of the Court of Appeals is reversed and the decision of DHS is reinstated.

### II.

■ The Court of Appeals discussed at length the validity of the procedures followed by DHS in reaching its decision and concluded that they were "not in accordance with law." This conclusion was

**634**

reached without the benefit of briefs or arguments on appeal. Neither were the procedures challenged at trial.

In *Sais v. City Elect. Co.*, 26 N.M. 66, 188 P. 1110 (1920), we decided a case on propositions of law which "were not only not assigned and argued in this court, but were not even raised in the trial court." *Id.* at 68, 188 P. at 1111. We then explained the justification for so doing.

> A general rule has been announced by this court to the effect that propositions of law not raised in the trial court cannot be considered here, and the reasons underlying such rule were fully discussed in the case of *Fullen v. Fullen*, 21 N.M. 212, 153 P. 294. [1915]. Three specific exceptions to that rule have also been announced in this court, viz: (1) That jurisdictional questions may be raised for the first time here. [Citations omitted.] (2) That questions of a general public nature affecting the interest of the state at large may be determined by the court without having been raised in the trial court. [Citation omitted.] And (3) that the court will determine propositions not raised in the trial court where it is necessary to do so in order to protect the fundamental rights of the party. [Citation omitted.]

*Id.* at 68–69, 188 P. at 1111.

It should be obvious that the three exceptions could swallow the rule unless they are applied with caution and restraint. The rationale for the general rule as given in *Fullen, supra*, deserves repetition.

> The services of trained and skilled lawyers, thoroughly conversant with the facts and the law of the case, and thoroughly alive to the interests of their respective clients, are required to assist the court in arriving at the correct conclusions. The nature of the subject is such that the court, although always endeavoring to do full justice, is unable, alone, always to see fully and clearly all of the avenues leading to the truth, either of law or fact.

*Id.* at 225, 153 P. at 298.

Courts risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers who tailored the case to fit within their legal theories. Examination of those cases in which the *Sais* exceptions were applied will prove that, generally, the courts will apply those exceptions sparingly and only where there could be no valid reason for the lower court's action. *See, e.g., Thwaits v. Kennecott Copper Corporation, Chino Mines Division*, 52 N.M. 107, 192 P.2d 553 (1948); *Sais, supra; Baca v. Perea*, 25 N.M. 442, 184 P. 482 (1919). These exceptions should not be used to decide new or difficult questions, especially when the factual basis is murky or incomplete.

Accordingly, the judgment of the Court of Appeals is reversed and the decision originally appealed from is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, concurs in the result.