This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-35254

**FAMILY WORKSHOP, LLC and
JEFFREY BURROWS,**

Protestants-Appellants,

v.

**NEW MEXICO TAXATION AND
REVENUE DEPARTMENT,**

Respondent-Appellee,

**IN THE MATTER OF THE PROTESTS
OF THE FAMILY WORKSHOP, LLC
and JEFFREY BURROWS, TO
ASSESSMENTS ISSUED UNDER
LETTER ID NOS. L0029171664,
L0283733968, AND TO STATEMENT
OF ACCOUNT LETTER ID NO.
L0425586640.**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Dee Dee Hoxie, Hearing Officer**

Wayne G. Chew, P.C.
Wayne G. Chew
Albuquerque, NM

for Appellants

Hector H. Balderas, Attorney General
Cordelia Friedman, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**BOGARDUS, Judge.**

**{1}** Family Workshop, LLC and Jeffrey Burrows (collectively, Taxpayer) appeal from a decision and order of the Administrative Hearings Office (AHO) granting in part and denying in part Taxpayer's protest of the New Mexico Taxation and Revenue Department's (the Department) tax, penalty, and interest assessments. Because Taxpayer's failure to comply with our Rules of Appellate Procedure prevents us from providing meaningful appellate review of the decision and order, we dismiss Taxpayer's appeal.

**BACKGROUND**

**{2}** Given that the parties are familiar with the facts and details of this case, we only briefly set forth pertinent facts and applicable law in this memorandum opinion. *See* Rule 12-405(B) NMRA (providing that appellate courts may dispose of a case by non-precedential order, decision, or memorandum opinion under certain circumstances); *see also State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties. Since the parties know the detail of the case, such an opinion does not describe at length the context of the issue decided[.]").

**{3}** We note the following pertinent to our determination that Taxpayer's appeal must be dismissed. First, Taxpayer submitted to this Court a brief in chief which contained an argument section comprised of less than two pages of discussion. Second, without adequate analysis, citation to authority or to the record, Taxpayer appears to argue on appeal that the AHO erred in concluding that Taxpayer was liable for the gross receipts tax assessed by the Department. As best we can tell, Taxpayer argues that the AHO's conclusion was wrong because a statutory deduction from gross receipts applies to the receipts at issue. Taxpayer also suggests in its brief's conclusion that it is owed some relief for having reasonably relied on its accountants in reporting its gross receipts. None of these arguments are properly developed under our jurisprudence or presented in compliance with our Rules of Appellate Procedure.

**DISCUSSION**

**{4}** We first note that our review of an appeal from a hearing officer's decision and order is not de novo. *See* NMSA 1978, § 7-1-25(A) (2015). We may only set aside a hearing officer's decision and order on appeal if we conclude that it is "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." Section 7-1-25(C); *see also Wing Pawn Shop v. Taxation & Revenue Dep't*, 1991-NMCA-024, ¶ 8, 111 N.M. 735, 809 P.2d 649 ("On appeal from an agency determination, we determine whether, viewing the evidence in a light most favorable to the agency's decision, the findings

have substantial support in the record as a whole."). Taxpayer bears the burden of demonstrating that the necessary standard of review has been met. *Cf. Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error."). As we explain, Taxpayer fails to provide us with the assistance necessary to properly consider its appeal or to facilitate meaningful review of the AHO decision and order.

**{5}** In this regard, Taxpayer's brief suffers from a multitude of technical and substantive deficiencies, some of which we highlight. These deficiencies constitute both violations of our Rules of Appellate Procedure and waivers of challenges to the findings and conclusions arrived at in the proceedings below.

**{6}** First, Taxpayer's brief contains no summary of proceedings "briefly describing the nature of the case, the course of proceedings, and the disposition in the court below," as Rule 12-318(A)(3) NMRA requires. An even more glaring omission is that Taxpayer's brief fails to mention the AHO decision and order that is the subject of this appeal.

**{7}** Accompanying Taxpayer's silence on the decision and order is Taxpayer's failure to identify the specific AHO findings and conclusions with which Taxpayer takes issue. Taxpayer's failure to direct us to specific errors prevents us from providing any sort of meaningful review and, just as importantly, prevents the Department from responding to and perhaps refuting Taxpayer's arguments. Furthermore, Taxpayer's failure to identify any error allegedly made by the hearing officer renders the hearing officer's findings of fact and conclusions of law conclusive. *See* Rule 12-318(A)(4) (providing that a finding is deemed conclusive if an argument does not specifically attack the finding); *In re Estate of Gardner*, 1992-NMCA-122, ¶ 26, 114 N.M. 793, 845 P.2d 1247 (deeming objections to a lower court's conclusions of law waived when the appellant failed to specifically point to errors in those conclusions). Because Taxpayer also fails to cite to any authority undermining the hearing officer's conclusions, we will not review Taxpayer's arguments challenging those conclusions. *See In re Estate of Gardner*, 1992-NMCA-122, ¶ 28 ("Arguments not supported by cited authority will not be reviewed on appeal."). Lastly on this point, we note that this Court's notice of proposed summary disposition called attention to similar faults in Taxpayer's docketing statement. Given that, Taxpayer should have been aware of the need in briefing to more specifically inform this Court of the error or errors it alleges, and we are all the more unwilling to now overlook this shortcoming.

**{8}** Taxpayer also violates Rule 12-318(A)(4), which pertains to a brief in chief's argument section. Specifically, Taxpayer omits (1) a statement of the standard of review applicable to the issue it raises; (2) a statement identifying how the issue was preserved below; and (3) citations to the record referencing issue preservation—all of which the rule requires.

**{9}** The omission of a statement on preservation with a corresponding citation is particularly problematic given that we may review an AHO decision and order "only to the same extent and upon the same theory as was asserted in the hearing before the hearing officer." Section 7-1-25(A). Taxpayer does not bring to our attention the theory asserted before the hearing officer or the extent of that assertion, and we will not take it upon ourselves to search the record for that information. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 (stating that this Court will not consider an issue absent a party's citation to the record of the party's invocation of a court ruling on the issue, and stating that this Court will not search the record when a party fails to provide citations).

**{10}** Even if we searched the record for and found evidence that Taxpayer properly preserved the gross-receipts-deduction issue or the reasonable-reliance issue, we would be disinclined to consider Taxpayer's arguments, given their lack of sufficient development and lack of clarity. Such an undertaking would entail developing Taxpayer's arguments for it, "effectively performing" Taxpayer's work, which, in turn, would "create[] a strain on judicial resources and a substantial risk of error." *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53; *cf. N.M. Dep't of Human Servs. v. Tapia*, 1982-NMSC-033, ¶ 11, 97 N.M. 632, 642 P.2d 1091 (stating that "[c]ourts risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers who tailored the case to fit within their legal theories"). Our courts routinely decline to review inadequately briefed, unclear arguments, as "[i]t is of no benefit either to the parties or to future litigants for [the appellate courts] to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Elane Photography*, 2013-NMSC-040, ¶ 70. Furthermore, were we to attempt a review of the merits of Taxpayer's arguments, we would be at a loss to determine the factual basis for Taxpayer's appeal, because Taxpayer's argument section contains no citation to the record, and because "[w]e will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104.

**{11}** Lastly, Taxpayer violates Rule 12-318(A)(5) by not including in its brief's conclusion a precise statement of the relief Taxpayer seeks. Without such a statement, we are left to speculate on exactly what remedy Taxpayer seeks via his appeal.

**{12}** Considering the extent of Taxpayer's violations of our Rules of Appellate Procedure, the consequences of those violations, and the difficulty we would face if we attempted a review of the AHO decision and order, we conclude that we must dismiss this appeal. *See* Rule 12-312(D) NMRA (allowing this Court to dismiss an appeal for a party's failure to comply with the Rules of Appellate Procedure). The AHO decision and order is therefore conclusive.

**CONCLUSION**

**{13}** Taxpayer's appeal is dismissed, and the AHO decision and order is left undisturbed.

**{14}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**